STATE *v.* ROBINSON.

Opinion delivered April 19, 1920.

1. PUBLIC LANDS — UNAUTHORIZED OCCUPANCY OF SCHOOL LAND.— Where the occupancy of school land by a lessee after his term expired was unlawful, he can not defeat an action of unlawful detainer by the school district to recover rent upon the ground that proper notice to vacate was not given.

2. LANDLORD AND TENANT—WHEN RELATION CREATED.—Where premises were occupied and rent paid and received under a void lease, the relationship of landlord and tenant is implied by law.

3. PUBLIC LANDS—LEASE OF SCHOOL LAND.—Under Acts 1905, p. 398, a clause in a lease of wild and uncleared school land executed by the county judge of Mississippi County providing for an extension of the lease beyond the five-year period allowed by the statute is unauthorized and void.

4. PUBLIC LANDS—CONVEYANCES OF TIMBER ON SCHOOL LAND.—A lease of wild school land in Mississippi County under Acts 1905, p. 398, giving lessee company privilege to cut and remove what timber it wished, *held* void in so far as it authorized the removal of timber from land which the lessee was not required to clear, but valid as to the land required to be cleared.

5. PUBLIC LANDS—EXTENSION OF LEASE OF SCHOOL LAND UNAUTHORIZED.—Under Acts 1905, p. 398, authorizing a lease of wild school lands for a term of five years by the county judge of Mississippi County, *held* the county judge was not authorized to extend the lease another year because a prior lessee did not remove the timber in time for clearing to begin in the first year of the five-year term.

Appeal from Mississippi Circuit Court, Chickasawba District; *Wm. F. Kirsch,* Special Judge; reversed.

*T. W. Davis* and *S. C. Costen,* for appellant.

1. The lease to Mauldin was void, but even if void the relation of landlord and tenant did exist and this suit in unlawful detainer was properly brought. 11 Cyc. 469; 18 L. R. A. 447; 7 *Id.* 160. Kirby & Castle's Digest, §§ 5659-61, expressly limits the power of the county judge to five years in leasing school lands, etc. 111 Ark. 329 is decisive of this case.

2. Entry, occupation and payment of rent under a void lease creates the relation of landlord and tenant Unlawful detainer was the proper remedy. 36 Ark. 518; 44 *Id.* 445; 42 L. R. A. (N. S.) 648; 16 R. C. L. 574; 17 Ann. Cas. 538; 103 S. L. R. 517; 6 L. R. A. 257; 27 Am. Dec. 462; 16 R. C. L. 577; 26 Am. Reports 567; 7 L. R. A. 69; 91 Minn. 438; 103 Am. St. Rep. 518; 110 Md. 159; 43 Md. 121; 17 Anno. Cases 540.

2. The suit is not barred by estoppel. 36 Ark. 523. No advance payments can extend the tenancy. 11 Cyc. 468; 93 *Id.* 495; 82 *Id.* 531; 81 *Id.* 143. Under no construction of the Mauldin case was Clyde Robinson entitled to occupy this land beyond January 1, 1918, and the relation of landlord and tenant did exist, and the proper remedy was resorted to by plaintiff. Cases *supra.*

*Buck & Lasley,* for appellees.

1. The complaint did not state a cause of action. 27 Ark. 46; 13 *Id.* 448; 18 *Id.* 304.

2. The lease was not void. Acts 1905, p. 398, and the notice to vacate was not legal. Kirby & Castle's Digest, § 3958; 68 Ark. 238.

SMITH, J. This is an action in unlawful detainer brought to recover possession of a portion of section 16, township 15 north, range 12 east, Mississippi County, Arkansas, and rent thereon for the year 1918.

In 1909 the county judge of that county leased the entire section to Lee Wilson & Company, a corporation. That contract of lease was not dated, but it became effective January 1, 1909, and expired January 1, 1913. This

contract gave Wilson & Company "the use and free access of said sixteenth section for the above term of four years, with the privilege of cutting and removing what timber they wish from said land," but imposed upon Wilson & Company the duty only of clearing the land lying in the section south of the J., L. C. & E. Rd. and sixty acres of land north of the county road running through said land, and to deaden one hundred acres in addition thereto. This lease to Wilson & Company was made by L. D. Rozell, who was county judge at the time. Rozell was succeeded in office by W. C. Armstrong, who, on March 3, 1909, extended the lease to Wilson & Company for one year, which made January 1, 1914, the date of expiration. This extension of the Wilson & Company lease was made by an endorsement thereon by Armstrong as county judge, which recited that the extension was made in consideration of the lessee agreeing to build a dwelling house and necessary outhouses on the land. This extension was evidently made under the purported authority to act acquired under the notice given by Rozell as county judge that a lease contract would be made, that notice being recited in the first or original contract.

Thereafter Gladish succeeded Armstrong as county judge, and on January 23, 1911, another contract of lease was made. This lease recited that, after due notice, S. D. Mauldin had become the best bidder, and that there had been leased to him all of the land north of the J., L. C. & E. Railroad "except what is now in cultivation," it being the evident purpose of this lease to have cleared and put in cultivation the land which Wilson & Company was not required to clear under its lease. The Mauldin lease contract recited that it was for a period of five years, but it contained the proviso that "what land the said Mauldin fails to put in cultivation this year he shall have an extension of one year's time to put it in cultivation."

The effect of this proviso is, of course, to make the lease for six years on any land which Mauldin failed to put in cultivation during the first year of the lease. This

contract was duly signed by Gladish as county judge and by Mauldin, and a bond to perform its conditions—which was duly approved—was given by Mauldin with appellee Clyde Robinson as surety. Thereafter, on March 14, 1911, this contract was re-executed in the exact language of the contract of January 23, 1911, except that the following paragraph was added:

"It is agreed that the above land was leased to the said S. D. Mauldin on the 23d day of January, 1911, and that said land was prior to that time leased to R. E. Lee Wilson for a period of four years beginning January 1, 1909, and ending January 1, 1913, that said Wilson lease is of record in book 8 at page 309 in the recorder's office of this county, and that the original contract of S. D. Mauldin is of record in book ........., at page ......... in the recorder's office of this county, and that this contract and lease is made in lieu of said former of said Mauldin's above referred, and is to begin and take effect January 1, 1913, or at the expiration of the said lease of R. E. Lee Wilson."

Mauldin, for some reason not made clear in the record, declined to perform the contract, whereupon Robinson, as surety on Mauldin's bond, assumed its performance. It is shown that Robinson did not enter upon the land until January 1, 1914, and it is said that he could not have entered upon it at an earlier date because of the outstanding contract in favor of Wilson & Company. Robinson cleared the land and performed all the conditions contained in Mauldin's contract, and, through his tenants, cultivated the land during the years 1914, 1915, 1916 and 1917. In January, 1918, this suit was brought; but Robinson executed bond and retained possession of the land during the year 1918.

Among other questions raised is that of the sufficiency of the notice to vacate which was given Robinson and his tenants. This question is now purely academic, as Robinson and his tenants surrendered possession of the land on the 1st of January, 1919, and now claim no right to further occupy it. But if Robinson's occupancy

during the year 1918 was without authority he can not defeat this action, insofar as a judgment for rent is prayed, because proper notice to vacate may not have been given. Robinson entered under a lease contract, and he thereby became a tenant, and if he has held over beyond the expiration of his term, then rent for that period may be recovered in this action.

The briefs discuss at length the question of the validity of Mauldin's contract, and the right to maintain this action if it is in fact invalid. But if it were conceded that Mauldin's contract was void *ab initio*—and we do not so decide—that fact could make no difference, for a tenancy existed under a contract which the parties mutually treated as valid. The law on this subject is stated in 16 R. C. L., p. 574, as follows: "The authorities agree that from the entry and occupation and payment of rent under a void lease, as in case of a lease invalid by reason of a noncompliance with the statute of frauds, there results a legal relation of landlord and tenant between the owner and the occupant of the land. The tenancy is not created by the defective written lease, but it is implied by the law from the occupancy of the premises and the payment and receipt of the rent therefor. * * * The agreement in such a case is void at the option of the parties, or either of them; but if they both see fit to engage in the execution of its terms, and do acts under it, they may thereby establish such a relation between themselves as the law will recognize and enforce."

The real and controlling question in the case is, Did the contract cover the year 1918? This contract was made under the authority of Act No. 156, Acts 1905, p. 398, which is a special act applying only to Mississippi County. This act reads as follows:

"Section 1. The county judges of the State of Arkansas are hereby authorized and empowered to lease any tract or parcel of wild and uncleared sixteenth section school lands situated in their respective counties, for a term not exceeding five (5) years, on terms satisfactory to said judges, upon the lessee entering into a good and

sufficient bond to be approved by said county (judge) for the faithful performance of this lease contract.

"Section 2. Whenever the county judge of any county in this State shall desire to lease any lands under the provisions of this act, he shall first cause notice of the time and place of the leasing of said lands, together with a description thereof, to be published in some newspaper published in said county, or by posting written or printed notices in ten (10) conspicuous places in such county, one of which shall be at the courthouse and one on the land to be leased, thirty (30) days before the leasing of the same.

"Section 3. All lands cleared and put in cultivation under the provisions of this act shall, after the expiration of the lease contract, be by the sheriff of the county rented annually in the same manner as now provided by law for the renting of sixteenth section school lands.

"Section 4. All laws and parts of laws in conflict herewith are hereby repealed, and this act shall take effect and be in force from and after its passage; *provided,* that the provisions of this act shall only apply to the county of Mississippi."

It appears to have been the legislative purpose to authorize a lease of the school land in Mississippi County for such time as the county judge thinks proper, not to exceed five years, for the purpose of having the lands cleared and put in cultivation, after which time annual leases are to be made. The county judge is without authority to lease the land for a longer period of time than five years, and the clause contained in the Mauldin lease set out above, which, under the condition named, would have extended the lease beyond the five-year period, was inserted without authority, and is, therefore, void. *School District* v. *Gladish,* 111 Ark. 329.

In the case just cited Gladish, as county judge, leased section 16, township 12 north, range 8 east, under a contract which required the lessees to clear 200 acres therein, and gave the lessees, not only the timber on the

land to be cleared, but on the entire section. We held there that there was nothing in the act which gave the county judge authority to sell the timber on one part of the land to compensate a lessee for clearing and putting in cultivation other portions of the land. Wilson & Co. appear to have had a contract similar to the one there condemned. In the case cited we said: "It does not follow, however, that the plaintiffs have a right to declare the whole contract void. As we have already seen, the county judge had authority to lease the land for the purpose of clearing it and putting it in cultivation, and did not exceed his power in leasing the 200 acres of land to the defendants for that purpose. It was also within his authority to provide in the lease that the lessee should erect a fence around the cleared land and build a tenant house on each forty acres thereof. The defendants testified that they have already, at considerable expense, cleared and put in cultivation some fifty or sixty acres of this land, and it may be that by this time they have cleared the remaining part of the 200 acres, or a considerable portion thereof. Therefore, we hold that if the defendants elect to hold the 200 acres of the land for the five years, and comply with the terms of the lease by clearing the same, fencing it, and building the houses on it, as provided for in the lease, they will be allowed to do so, and plaintiffs will have no just ground of complaint."

So, here, Wilson & Company's contract was void insofar as it attempted to convey timber on the land it was not required to put in cultivation as compensation for clearing the land which its contract required it to clear; but the contract was valid as to the land which Wilson & Company was required to clear.

Mauldin's contract did not cover the land Wilson & Company was required to clear. Upon the contrary, it covered only the land Wilson & Company was not required to clear. So that Mauldin had the right to enter immediately upon the land covered by his lease, and his time began to run January 1, 1913. It is apparent that

the amendment to the Mauldin contract set out above was intended to give Mauldin a year in addition to the year 1913 if Wilson & Company did not cut and remove the timber in time for Mauldin to begin clearing the land in 1913. But there was no authority for this. Mauldin had the right to enter in 1913 on the land covered by his lease, whether Wilson & Company had removed the timber or not, and should have done so, and that year must, therefore, be counted as one of the years of the lease, and, when so counted, the lease would expire with the year 1917, and appellee Robinson, as Mauldin's successor, had no right to the possession of the land for the year 1918, and is, therefore, liable for the rental value of the land for that year.

The court below made a finding that the Mauldin lease was void because it was to take effect after the expiration of the term of the county judge who made it; but that, the lease being void, the relation of landlord and tenant did not exist and that, therefore, this action could not be maintained, and the cause was dismissed. We think, for the reasons herein stated, that the finding and judgment of the court below was erroneous, and the judgment will be reversed and the cause remanded with directions to ascertain the rental value of the land for the year 1918, and to render judgment accordingly.