HAMILTON COAL & COKE COMPANY *v.* JOHNS.

Opinion delivered January 23, 1928.

LANDLORD AND TENANT—WHEN RELATION ESTABLISHED.—In an administrator's suit to recover the royalty on coal lands of intestate leased for five years to defendant, who claimed the lease was void under Crawford & Moses' Dig., § § 67, 120, because the lands were not assets in the administrator's hands, and could not be leased by the administrator without a court order, *held* that, since defendant had possession of the land for three years under the lease and had paid royalties for two years, the relation of landlord and tenant was established, and the lease was enforceable.

Appeal from Logan Circuit Court, Northern District; *J. O. Kincannon,* Judge; affirmed.

*Anthony Hall* and *Cochran & Arnett,* for appellant.

*White & White,* for appellee.

HUMPHREYS, J. This suit was brought to recover a minimum annual royalty of $2 per acre under a five-year coal lease of an eighty-acre tract of land in Logan County, which was entered into by and between appellant and appellee on the 20th day of April, 1923. This land was owned by Ben Johns, when he died intestate, and the lessor, the appellee herein, administered upon the estate. The complaint alleged that appellant entered into possession of said land under the lease and paid the minimum royalty for two calendar years, but that, on April 1, 1926, it refused to pay the royalty under claim that the lease was void, although it retained possession of the land during the time.

Appellant interposed the defense to the action that the lease was void and not binding upon it because the lands were not assets in the hands of said administrator for the purpose of paying debts of the estate, under the provisions of § 67 of Crawford & Moses' Digest, and that the administrator had no right, under § 120 of Crawford & Moses' Digest, to lease same without first filing a petition with and obtaining an order from the probate court to do so. The two sections of the statute referred to are as follows:

"Section 67. Lands shall be assets in the hands of the executor or administrator, and shall be deemed in their possession and subject to their control for the payment of debts."

"Section 120. Before the judge shall authorize the renting of real estate it shall be the duty of such administrator or executor to present his petition in writing, verified by affidavit, showing the condition of such real estate and the reason why such application was not made in term time, and if, upon reading such petition, the said judge shall be satisfied that it shall be to the interest of the estate to rent out the real estate, he shall indorse an order upon such petition authorizing the renting out of the real estate for a time not exceeding one year, and such petition so indorsed shall be filed by the said judge in the office of the clerk of the proper county."

A demurrer was filed and sustained to the answer, and, appellant electing to stand thereon, judgment was rendered against it in favor of appellee for $176 and interest at the rate of six per cent. per annum upon said sum from the first day of April, 1923, until paid, from which is this appeal. The court sustained the demurrer to the answer and rendered judgment against appellant upon the theory that a tenant has no right to question the validity of a lease under which he holds possession of the land and for which he pays rent to his landlord.

If it be conceded that the lease was void, and subject to rescission or cancellation at the will of either party, yet, according to the admitted facts, under the pleadings, appellant held possession of the land for three years, and paid royalties according to the contract for the first two years. By these acts the relationship of landlord and tenant was established between them, and the law will recognize and enforce the lease contract as if valid in all respects. The court said in the case of *State v. Robinson,* 143 Ark. 456, that:

"The briefs discuss at length the question of the validity of Mauldin's contract, and the right to maintain this action, if it is in fact invalid. But, if it were

conceded that Mauldin's contract was void *ab initio,* * * * that fact could make no difference, for a tenancy existed under a contract which the parties mutually treated as valid."

No error appearing, the judgment is affirmed.