## THOMAS NORRIS, RESPONDENT, v. J. D. GLENN ET AL., APPELLANTS.

DAMAGES—POSSESSION OF LAND.—The lawful possession of land is all that is required to enable a plaintiff to recover damages for building a dam across a watercourse running through such land, by reason whereof the water is thrown back upon the land of plaintiff.

PRACTICE—ANSWER—PLEADING—DENIALS.—A denial of the literal truth of the allegations of a complaint, and not a denial of every specific averment in it, is evasive. A failure to deny, specifically, each and every material allegation of a verified complaint, admits the allegations not so denied.

APPEAL from the district court of the second judicial district, Ada county.

*J. Brumback*, for the appellants.

*Prickett & Hasbrouck*, for the respondent.

WHITSON, J., delivered the opinion. HOLLISTER, J., concurred.

This is an action in which the plaintiff alleges in his complaint that he was in the lawful possession of certain lots of land therein described, through which ran a certain watercourse from Boise river, and that the defendants built a dam across said watercourse, a little below the plaintiff's land, whereby a backwater was caused that hindered a free course of the water through said watercourse, and caused the waters thereof to flow back on and over the land of the plaintiff, by reason of which he was damaged generally in the sum of one thousand dollars, and specially in the sum of four hundred and fifty dollars.

The defendants deny that they built a dam across any watercourse running through plaintiff's land, as described in his complaint, a little below plaintiff's land, or at any other place; deny that by any dam or obstruction of any kind, they caused a backwater that hindered a free course of any water through plaintiff's land, or caused any waters to flow back on or over plaintiff's land or any part of it, and deny that plaintiff has been damaged in any sum whatever, either generally or specially. A jury trial was had, and a verdict for plaintiff for two hundred dollars, upon which judgment was entered accordingly, from which defendants appeal to this court, and allege as errors:

1. The complaint does not state a cause of action in this, that the simple allegation of possession is not sufficient to sustain the action.

2. The court erred in refusing to give a certain instruction asked by defendant, set forth at length in the statement herein.

The defendant's counsel seems to have abandoned the first assignment of errors, for he makes no mention of it in his brief. The question may be disposed of by the simple statement that it seems to be well settled that possession alone is sufficient to maintain the action. (Ang. on Watercourses, sec. 407, p. 480.) All the instructions asked by defendant are predicated upon the assumption that the answer puts in issue the existence of a watercourse through the lands of plaintiff.

An inspection of the answer discloses the fact that no denial of the existence of a watercourse through plaintiff's land has been made. Defendants only deny building a dam across any watercourse running through plaintiff's land, as described in his complaint, a little below plaintiff's land. They do not deny that there is a watercourse running through plaintiff's land, but that is conceded. They only deny building a dam across such watercourse. This evasive form of denial has long since been held bad, where the complaint is sworn to, both at common law and under the code. (*Smith* v. *Richardson,* 15 Cal. 501; *Wallace* v. *Bear River W. & M. Co.,* 18 Id. 461.)

All the instructions asked being requested upon the assumption that an issue had been raised as to the existence of a watercourse running through plaintiff's land, and no such issue being raised, it was not error to refuse them, although the court below seems to have refused them for different reasons, not necessary here to discuss.

No other errors are complained of, and the judgment of the court below must be affirmed.