(December 7, 1904.)

## KARLSON v. HANSON & KARLSON SAWMILL COMPANY.

[78 Pac. 1080.]

WIFE'S SEPARATE PROPERTY—SALE OF SEPARATE PROPERTY—RECOVERY OF PURCHASE PRICE.

1. Where the wife sells her separate property without joining her husband in an instrument in writing conveying the same, as provided by section 2498, Revised Statutes, and the purchaser receives, uses and consumes the property and is thereafter sued for the purchase price, he is estopped from interposing the defense that the contract of sale was not entered into in the manner pointed out by the statute.

2. Section 2498, Revised Statutes, was enacted primarily for the protection of the wife against fraud and duress, and was not intended as a shield for the defense of those who would cheat and swindle her.

(Syllabus by the court.)

APPEAL from the District Court, Latah County. Honorable Edgar C. Steele, Judge.

Action on contract to recover the purchase price for a quantity of sawlogs. From a judgment of nonsuit and an order denying a motion for a new trial, plaintiff appeals. Reversed.

The facts are stated in the opinion.

Stewart S. Denning, for Appellant, cites no authorities upon the question decided by the court.

Orland & Smith, for Respondents.

Section 2498, Revised Statutes of 1887, provides that: "The husband has the management and control of the separate property of the wife during the continuance of the marriage, but no sale or other alienation of any part of such property can be made, nor any lien or encumbrance created thereon, unless an instrument in writing signed by the husband and wife, and acknowledged by her upon an examination, separate and apart from the husband, as upon a conveyance of real estate." By this section the husband has the management and control of the wife's separate property, by force of the law of this state, during the continuance of the marriage relation, but without the power of alienation. This whole section is mandatory, fixing the status of the separate property of a married woman. It not only limits the husband's right to sell or encumber it, but provides the only method by which the separate property of a married woman may be sold and conveyed. The wife has not the power or right to sell, any more than has the husband. The legal title is in the wife; the possession, management and control is in the husband; it therefore takes the concurrent act of both to alienate or encumber, and that on the part of the husband and wife, acting together, as provided by this section 2498, by an instrument in writing, signed by both husband and wife, and acknowledged by the wife, as upon a sale of real estate. (*Smith v. Greer,* 31 Cal. 478; *Dow v. Gould & Curry S. M. Co.,* 31 Cal. 631.) Under such statutes a transfer by the wife, without the husband joining in the instrument, is universally held absolutely void. Mere consent is not sufficient; actual joinder in the instrument must be had. (*Gregg v. Owens,* 37 Minn. 61, 33 N. W. 216; *Melley v. Casey,* 99 Mass. 241; *Meagher v. Thompson,* 49 Cal. 190; *Selover v. American Russian Commercial Co.,* 7 Cal. 274.) In *Maclav v. Love,* 25 Cal. 374, 85 Am. Dec. 151, Justice Sawyer used the following language: "It was repeatedly held by our predecessors that no title to the separate

property of the wife, either real or personal, could be conveyed, except by an instrument in writing executed and acknowledged by her in the mode prescribed by this act." In this case, while the statute requires the alienation to be in writing, signed and acknowledged, the appellant seeks to recover upon an express contract, which violates the letter of the law and is prohibited by it.

AILSHIE, J.—The plaintiff, Charlotte Karlson, commenced this action against the defendants as a copartnership engaged in the lumbering business, and sought to recover upon two separate causes of action. In the first cause of action she alleges that prior to the commencement of the action she sold and delivered to the defendants ninety-six thousand seven hundred and ninety-two feet of sawlogs, for which they promised and agreed to pay her the sum of $3 per thousand, and that after receiving the logs they neglected and refused to pay the purchase price. In the second cause of action she alleges that she sold and delivered to the defendants one hundred and twenty-one thousand and seventy-eight feet of sawlogs, for which they promised and agreed to pay the sum of $3 per thousand, and that, after receiving the logs, they neglected and refused to pay. She prayed for judgment for the total sum of $653.43, together with interest from the date of delivery. To this complaint the defendants answered, specifically denying all the material allegations thereof. The case went to trial before the court with a jury, and the plaintiff proved by her own testimony and that of other witnesses that at the time of the sale of the lumber for which she was suing she was the owner of a tract of timber land which, under the statute (Rev. Stats., sec. 2496), was her separate property, and that the defendants contracted with her to purchase the logs, for which they agreed to pay $3 per thousand as alleged in the complaint. She also proved that the defendants received the logs, sawed them up and sold and disposed of the lumber. It was shown that the defendants had neglected and refused to make any payment on account of this transaction. After the plaintiff had concluded her case, defendants moved for a nonsuit on the ground "that all of the evidence introduced fails to show that the plaintiff ever at any time made or entered

into any contract with the defendants, or either of them, for the sale of any property mentioned and described in the complaint, or any of her separate property." This motion was granted by the court, the jury was discharged, and a judgment of nonsuit was thereupon entered.

The plaintiff moved for a new trial and her motion was denied, and she appealed from the order denying her a new trial and from the judgment to this court.

The only question argued here is the right of the plaintiff to recover upon a contract which was not executed in the manner provided for by section 2498, Revised Statutes. The provisions of that section are as follows: "The husband has the management and control of the separate property of the wife, during the continuance of the marriage, but no sale or other alienation of any part of such property can be made, nor any lien or encumbrance, created thereon, unless by an instrument in writing, signed by the husband and wife, and acknowledged by her upon an examination, separate and apart from the husband, as upon a conveyance of real estate." The question for our consideration is: Whether or not a third party dealing with a member of the marital community, after securing the property about which they have assumed to contract, and using and consuming the same, can, when called upon to pay the purchase price, interpose the defense that the original contract was not executed by the husband and wife, joining in an instrument in writing, in the manner provided by section 2498, *supra.* The legislature in enacting section 2498 were endeavoring to prescribe the rights of both husband and wife in and to the separate property of the wife, and at the same time they pointed out the particular manner and method by which they might alienate such property. This statute has for its primary object the protection of the wife and the marital community of which she is a member, and at the same time it gives notice to all strangers to this community that any contract looking to a change of the title to any of the wife's separate property, in order to be enforced, must be executed in the manner therein prescribed. The title to the wife's separate property is vested in the wife, while the right of control and management thereof rests in the husband. A sale by the wife

alone would be of no avail to the purchaser, unless the husband voluntarily relinquishes his right of control and management. If possession were taken by the purchaser without the consent of the husband, then he might assert his right of control and management in the courts. But none of these conditions arise in this case. Here the purchaser has received the property and no member of the marital community is questioning the statutory regularity of the transaction. The defendants who purchased, received and used the wife's property in this case knew at the time they entered into the contract—or at least are presumed to have known—that the contract was not executed in the manner provided by statute. Notwithstanding this fact, they received and enjoyed the fruits of the contract the same as if it had originally been entered into in the manner pointed out by law. In such a case we do not think the defendants can avail themselves of the provisions of this statute. This contract has been fully performed on the part of the plaintiff, and nothing remains to be done but the payment of the purchase price by the defendants. If the contract were wholly executory and either party were seeking to enforce it, then we would be confronted by the provisions of this statute. But here the defendants invoke the protection of a statute which was enacted for the protection of the plaintiff, and in such a case the defendants, as a matter of right and justice, ought to be estopped and precluded from questioning the manner or method of entering into the contract in the first instance. Otherwise a statute designed for the protection of the wife against fraud and duress would be converted into a shield for the defense of those who would cheat and swindle her. It should be sufficient now for them that they have received the property about which they assumed to contract. The contract so long as it remained wholly executory was certainly voidable, for the reason that legal evidence of its execution in the manner provided by section 2498 could not be furnished. On the other hand, after all the obligations which the *feme covert* attempted to assume by this contract became accomplished facts, and nothing remained to be done by her—the purchasers had the property—the only real issue which could then arise was: What did they promise to pay for it? The

manner in which the contract was executed was no longer the controlling issue.

*Dernham v. Rowley,* 4 Idaho, 753, 44 Pac. 643, is not in point, as there an entirely different character of case was passed upon. The same is true of cases cited from California, as well as those from other courts.

The motion for nonsuit should have been overruled. The judgment and order of the lower court are reversed, and the case is remanded, with direction to grant the plaintiff a new trial. Costs awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.