(April 29, 1926.)

MINNIE A. FARRAR, HENRY W. FARRAR and LYSLE D. FARRAR, Executors of the Estate of JONATHAN D. FARRAR, Deceased, Respondents, v. WM. W. PARRISH and PEARL E. PARRISH, His Wife, Appellants; E. F. WALTON and TWIN FALLS BANK & TRUST CO., a Corporation, Respondents.

[245 Pac. 934.]

APPEAL AND ERROR — ASSIGNMENT OF ERROR NOT CONSIDERED — CONFLICTING EVIDENCE—PLEADING—MORTGAGES—CONTRACT TO TRANSFER REAL PROPERTY—PART PERFORMANCE OF VOIDABLE CONTRACT—CONSIDERATION—NOVATION—ESTOPPEL.

1. Assignment of error not discussed orally nor in brief and citing no authorities will not be considered on appeal.

2. Testimony of one witness as to cancelation and surrender of contract for sale of real estate is competent evidence to support trial court's finding, though contradicted by two witnesses.

3. Allegations of complaint, not denied, stand as admitted.

4. Where purchaser executed unacknowledged instrument purporting to transfer contract for purchase of land, later surrender of rights under contract, with agreement that subsequent purchaser might take deed direct from original vendor, was consideration for mortgage to assignee of original purchaser for balance due on agreement, as assuring title to subsequent purchaser on performance of contract.

5. Where purchaser of land transferred contract by unacknowledged instrument, validity of subsequent agreement by purchaser's successors in interest to surrender rights in consideration of subsequent purchaser executing mortgage for balance due cannot be questioned by subsequent purchaser after performance and receipt of deed on payment of purchase price.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to foreclose mortgage. Decree of foreclosure. *Affirmed.*

Wolfe & Wilkins, for Appellants.

The Ohnewein-Parrish contract, exhibit "A," is void because it was not acknowledged and because the property therein described was the community property of the grantor and his wife. (*Hughes v. Latour Creek Ry. Co.*, 30 Ida. 475, 166 Pac. 219; *McKinney v. Merritt*, 35 Ida. 600, 208 Pac. 244.)

The contract being void, because the other party is not bound, as long as this grantor is not bound the grantee is not bound. (*Childs v. Reed*, 34 Ida. 450, 202 Pac. 685.)

The naked contract void upon its face is not a good consideration. (*Glover v. Brown*, 32 Ida. 426, 184 Pac. 649; *Milner v. Pelham*, 30 Ida. 594, 166 Pac. 574; *Libby v. Pelham*, 30 Ida. 614, 166 Pac. 575.)

Publisher's Note.
1. See 2 R. C. L. 178.
3. See 21 R. C. L. 561.

See Appeal and Error, 4 C. J., sec. 3057, p. 1068, n. 22; p. 1069, n. 23.
Compromise and Settlement, 12 C. J., sec. 35, p. 340, n. 23.
Contracts, 13 C. J., sec. 150, p. 315, n. 90.
Evidence, 23 C. J., sec. 1756, p. 23, n. 54.
Mortgages, 27 Cyc., p. 1051, n. 96.
Pleading, 31 Cyc., p. 208, n. 80.

The giving of the note and mortgage is not payment of the Ohnewein-Parrish contract unless and until the note is paid. (*Leschen & Sons Rope Co. v. Mayflower Gold Min. & Reduction Co.,* 173 Fed. 855, 97 C. C. A. 465, 35 L. R. A., N. S., 1.)

Bothwell & Chapman, for Respondents.

Assignments of error, for which no propositions of law are stated, authorities cited or argument made in the brief, or reasons given why the ruling of the court was erroneous, will not be considered on appeal. (*Gustin v. Byam,* 41 Ida. 538, 240 Pac. 600; *Bain v. Olsen,* 39 Ida. 170, 226 Pac. 668.)

Where there is a substantial conflict in the evidence but sufficient competent evidence to support the finding of the trial court, the same will not be disturbed on appeal. (*Anglo-American Mill Co., Inc., v. Community Mill Co.,* 41 Ida. 561, 240 Pac. 446; *Davis v. Idaho Minerals Co.,* 40 Ida. 64, 231 Pac. 712; *Choate v. North Fork High. Dist.,* 39 Ida. 483, 228 Pac. 885; *Pence v. Shivers,* 40 Ida. 181, 232 Pac. 568; *Syster v. Hazzard,* 39 Ida. 580, 229 Pac. 1110; *Bedal v. Smith,* 36 Ida. 797, 214 Pac. 213; *Viel v. Summers,* 35 Ida. 182, 209 Pac. 454; *Salisbury v. Spofford,* 22 Ida. 393, 126 Pac. 400; *Flynn Group Min. Co. v. Murphy,* 18 Ida. 266, 109 Pac. 851.)

Allegations of complaint not denied stand admitted. (*Bloomingdale v. Du Rell,* 1 Ida. 33; Norris v. Glenn, 1 Ida. 590.)

Allegation of complaint not denied in the answer is sufficient to sustain a finding that the facts stated therein are true. (*Broadbent v. Brumback,* 2 Ida. 366, 16 Pac. 555.)

Where a contract has been executed and performed a party receiving the benefits thereof is estopped to assert the invalidity of the contract by virtue of the manner of its execution in order to avoid paying for what he has received, even though the manner of its execution would have rendered the contract invalid and unenforceable while it remained executory. (*Karlson v. Hanson & Karlson Sawmill Co.,* 10 Ida. 361, 78 Pac. 1080.)

One who accepts a contract and receives its benefits must also accept and discharge its burdens, and one receiving such benefits and acting under the contract is estopped to question its validity. (*Lane v. Pacific & Idaho Northern Ry. Co.,* 8 Ida. 230, 67 Pac. 656; *Fremont County v. Warner,* 7 Ida. 367, 63 Pac. 106; *Blackwell v. Kercheval,* 27 Ida. 537, 149 Pac. 1060; *Runnels v. Lasswell* (Mo. App.), 219 S. W. 980; *Sherer-Gillett Co. v. Bennett,* 153 La. 304, 95 So. 777; *Massachusetts Bonding & Ins. Co. v. Vance,* 74 Okl. 261, 180 Pac. 693; *Busch-Everett Co. v. Vivian Oil Co.,* 128 La. 886, 55 So. 564; *Green v. Lancaster County,* 61 Neb. 473, 85 N. W. 439; *Hobbs v. Nashville C. & St. L. Ry. Co.,* 122 Ala. 602, 82 Am. St. 103, 26 So. 139.)

Equity will not grant a purchaser the right to rescind if, after he has knowledge of the facts which entitle him to do so, he deals affirmatively with the subject of the contract in such a way as to recognize its validity. (*Mulhall v. Lucas,* 37 Ida. 558, 217 Pac. 266.)

GIVENS, J.—November 26, 1918, John Crocker sold certain real property to Joseph Ohnewein and wife on an instalment contract. September 24, 1919, Ohnewein and wife executed an instrument purporting to transfer this contract to W. W. Parrish and L. E. Wilson. According to this agreement Parrish and Wilson assumed the balance of $35,000 due Crocker and agreed to pay $23,000 to Ohnewein, who was to execute a deed to Parrish and Wilson upon receiving a deed to the premises from Crocker and upon the payment of the full purchase price. This contract was signed by all parties but was not acknowledged by any of them. Thereafter Ohnewein transferred his interest in this contract to Jonathan D. Farrar, father of respondents, who were executors of his will. Wilson and Parrish made payments on the contract in the amount of $15,000, but were unable to make payments of $3,000, due January 1, 1921, and $3,000, due January 1, 1922, and respondents insisting upon better security for the balance due, Parrish and wife, appellants, executed a mortgage to respondents in the sum

of $8,323.09, the balance due Farrar as assignee of the Ohneweins' interest, and at this time it was agreed that respondents would surrender all claims under the Ohnewein-Parrish contract and that the transaction could be carried on by appellants direct with Crocker. In February, 1922, appellants entered into a contract with Crocker whereby appellants agreed to pay $35,000, due on the Ohnewein-Parrish contract and $660, covering certain unpaid taxes, to Crocker and upon payment of such sums Crocker agreed to execute a good and sufficient warranty deed to appellants. This action was brought to foreclose the mortgage given by appellants to respondents. The cause was tried to the court sitting without a jury and findings of fact and conclusions of law were made and judgment entered in favor of respondents, decreeing the foreclosure of their mortgage, from which judgment this appeal is prosecuted.

[1] Appellants' first assignment is that the court erred, "In finding any sum as 'reasonable cost' of suit for examination of or research of records as in finding Number Nine." This assignment was not discussed orally or in the brief and no authorities are cited; it will therefore not be considered. (*Nelson v. Johnson*, 41 Ida. 703, 243 Pac. 649.)

[2] Appellants attack the finding of the court that the contract between Ohnewein and Parrish was canceled and delivered up to Crocker by defendants, the argument in support of such contention being:

"There being a contradiction of testimony the defendant Parrish and his attorney testifying that there was no such delivery and one witness only for plaintiff testifying there was."

Though conflicting, there is competent evidence to support the finding of the trial court. (*Anglo American Mill Co. v. Community Mill Co.*, 41 Ida. 561, 240 Pac. 446.)

Complaint is made of the finding of the court to the effect that defendants voluntarily quit and abandoned the lands. There is evidence of the voluntary abandonment of the lands by appellants from Parrish's testimony and from the contents of a letter from Parrish to Crocker.

[3] Appellants contend that the court erred in finding that the executors, respondents, were authorized by the probate court to accept the mortgage, because no proof was produced on the question. This allegation of the complaint was not denied in the answer, and therefore stands admitted. (*Bloomingdale v. Du Rell*, 1 Ida. 33, *Norris v. Glenn*, 1 Ida. 590; *Broadbent v. Brumback*, 2 Ida. 366, 16 Pac. 555.)

[4] The remaining assignments of error all go to the question of the validity of the mortgage given by appellants to respondents, appellants contending that since the Ohnewein-Parrish contract was absolutely void because not acknowledged by the parties and because the property therein was community property of the grantors, the Ohneweins, it is not a good consideration for the mortgage and notes given. Under the Ohnewein-Crocker contract Ohnewein had the right to a deed conveying the property to him upon the payment of the full purchase price. After appellants assumed the Crocker-Ohnewein contract they made payments in the amount of $15,000, to the Twin Falls National Bank which had acquired the interest of Ohnewein and there still remained a sum of $8,000 to be paid the Ohneweins or their assigns, which interest was acquired by Farrar. Conceding that the Ohnewein-Parrish contract was void for the reason that it was not acknowledged (*Hughes v. Latour Creek Ry. Co.*, 30 Ida. 475, 166 Pac. 219), Parrish could not compel the Ohneweins to give him a deed to the property under such a void contract. After Farrar had given appellants certain extensions of time it was agreed between respondents and appellants and Crocker that respondents would surrender all right under the contracts and allow Parrish to get a deed to the property direct from Crocker. From the record it appears that this agreement resulted in the mortgage on appellant's part and the surrender of all rights by respondent under the Ohnewein-Parrish contract and a delivery of the Crocker-Ohnewein contract to appellants by respondents, and the new contract between appellants and Crocker, whereby the Ohnewein-Parrish, and Crocker-Ohnewein contracts were abrogated and Crocker agreed to convey

direct to Parrish. The surrender of respondents' rights and the new contract which gave appellants the right to a deed upon the payment of the full purchase price, a benefit which, according to appellants' contention they had not had before, was a good consideration for the giving of the mortgage (13 C. J., sec. 150, p. 315), as in the first instance they could not compel respondents to convey title to the property, while under the new contract they were assured of getting title upon the performance of their part of the contract by reason of their assignment. The respondents having become possessed of the Crocker-Ohnewein contract and delivered it up to Parrishes, the Ohneweins no longer had any interest in the transaction, the $23,000 payment to them having been carried out by the $15,000 cash payments and the giving of the mortgage to Farrar, and this, together with the giving of the new contract constituted a novation and automatically carried out the previous contract. [5] The Ohnewein-Parrish contract was fully completed and executed so far as the parties thereto were concerned and the court rightfully found that the contract having been performed and the Parrishes having received the benefits flowing therefrom, they are now estopped to question its validity. In *Karlson v. Hanson & Karlson Sawmill Co.*, 10 Ida. 361, 78 Pac. 1080, a similar situation arose. In that case plaintiff, a married woman, made a contract for the sale of certain property; the purchaser subsequently disposed of the property and plaintiff sued him for the purchase price; the purchaser set up the defense that the contract was invalid because the husband had not signed it. The court said:

"This contract has been fully performed on the part of the plaintiff and nothing remains to be done but the payment of the purchase price by the defendants. If the contract were wholly executory and either party were seeking to enforce it then we would be confronted with the provisions of this statute. But here the defendants invoke the protection of a statute which was enacted for the protection of the plaintiff, and in such a case the defendants as a matter of

right and justice ought to be estopped and precluded from questioning the manner and method of entering into the contract in the first instance.''

Appellants in the case at bar as a defense rely upon the fact that since the grantors, the Ohneweins, could not be bound by the void contract neither may the grantee. As said in the foregoing quotation, if the contract were executory either party might raise such a defense, but here, as in that case, the void contract was fully executed and performed, all the obligations attempted to be done by such contract became accomplished facts, appellants had all the rights in the property they had attempted to get in the first instance, and the manner in which the contract was first executed is no longer the controlling issue.

The judgment is ordered affirmed. Costs to respondents.

Wm. E. Lee and Budge, JJ., concur.