(December 2, 1926.)

E. QUAYLE, Appellant, v. PERRY STONE, Respondent.

[251 Pac. 630.]

LANDLORD AND TENANT—VOID LEASE—RECOVERY FOR USE AND OCCUPA-
TION—PURPOSE OF COMMUNITY STATUTE.

1. Where tenant goes into possession, under terms of lease and with owner's consent, relation of landlord and tenant results, although lease was void.

2. Though owner may not sue on void lease, he may recover for use and occupation of land, where tenant went into possession, under terms of lease with owner's consent, and lease may be used to establish amount of rent to be paid.

3. C. S., sec. 4666, providing for lease of community property, is for protection of community, precluding tenant, after going into possession under lease and occupying premises, pleading statute to escape payment of rent.

Publisher's Note.

1. Rights upon entry under an invalid lease, see note in 42 Am. Dec. 122. See, also, 16 R. C. L. 574.

2. See 16 R. C. L. 576.

See Husband and Wife, 31 C. J., sec. 1209, p. 125, n. 88.
Landlord and Tenant, 35 C. J., sec. 25, p. 960, n. 62.
Use and Occupation, 39 Cyc., p. 869, n. 37.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. Raymond L. Givens, Judge.

Action to recover for the use and occupation of real property. Judgment for defendant. *Reversed and remanded, with instructions.*

F. L. Soule and C. Redman Moon, for Appellant.

Where one receives possession of land from another, under an invalid lease, and goes into possession of the property under the lease, agreeing to pay a consideration for his occupancy, and enjoys the tenancy and landlord's premises, he is liable to a suit by the landlord for use and occupation of the property, regardless of the invalidity of the lease. (16 R. C. L. 574, par. 49; *Evans* v. *Winona Lumber Co.,* 30 Minn. 515, 16 N. W. 404; *Huntington v. Parkhurst,* 87 Mich. 38, 24 Am. St. 146, 49 N. W. 597; *Eddy v. Coffin,* 149 Mass. 463, 21 N. E. 870; *Warner v. Hale,* 65 Ill. 395; *Rosenblat v. Perkins,* 18 Or. 156, 22 Pac. 598, 6 L. R. A. 257; *Evans v. Winona Lumber Co., supra;* Taylor, Landlord & Tenant, 8th ed. p. 650.)

The rights of the parties must be judged by the relation they have assumed with each other, independently of the void contract. (*Farrar v. Parrish,* 42 Ida. 451, 245 Pac. 934; *Nohrnberg v. Boley,* 42 Ida. 48, 246 Pac. 12; *Karlson v. Hansen-Karlson Sawmill Co.,* 10 Ida. 361, 78 Pac. 1080.)

F. A. Miller, for Respondent.

An instrument purporting to sell, convey or encumber community real property which is not executed and acknowledged by the wife is void and unenforceable. (*Hughes v. Latour Creek R. Co.,* 30 Ida. 475, 166 Pac. 219; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Peterson v. Peterson,* 35 Ida. 470, 207 Pac. 425; *Fargo v. Bennett,* 35 Ida. 359, 206 Pac. 692.)

If a contract when concluded is not enforceable against one of the parties no subsequent act or event can render it capable of enforcement against either party. (*Childs v. Reed,* 34 Ida. 450, 202 Pac. 685.)

WM. E. LEE, C. J.—This is an action by the lessor of farm lands to recover rent from the lessee. It is alleged that appellant rented a farm to respondent for one year at the agreed consideration of $2,500; that the premises were occupied by respondent for the term; and that, although demanded so to do, he has failed and refused to pay the sum of $500, the amount remaining unpaid. These allegations were fully sustained by the evidence. The complaint was denied; and, by separate answer, respondent alleged that the parties made and entered into a written agreement purporting to lease the lands for one year; but, the lands being community property, the lease was void because the wife did not join in the agreement. The written agreement was made a part of the answer. The court decided:

"That the property in question was community property, and that the wife of plaintiff did not join in the leasing or renting, or letting of the premises;

"That a lease or rental of community property not joined in by the wife is unenforceable and that the plaintiff in this action cannot recover from the defendant."

[1] Conceding for the purpose of argument that the lease was void, the tenant went into possession under the terms of the lease and with the consent of the owner. The relation of landlord and tenant resulted.

[2] Even though under such circumstances the owner may not sue on the void lease, he may recover for the use and occupation of the land, and the void lease may be used to establish the amount of rent to be paid. (*Rosenblat v. Perkins,* 18 Or. 156, 22 Pac. 598, 6 L. R. A. 257; *Oliver v. Gary,* 42 Kan. 623, 22 Pac. 733; *Warner v. Hale,* 65 Ill. 395; *Huntington v. Parkhurst,* 87 Mich. 38, 24 Am. St. 146, 49 N. W. 597; *State v. Robinson,* 143 Ark. 456, 220 S. W.

836; *Evans v. Winona Lumber Co.*, 30 Minn. 515, 16 N. W. 404; 16 R. C. L., secs. 49, 511; 35 C. J. (Landlord and Tenant), sec. 25.)

"The rights of the parties must be judged by the relation they have assumed with each other, independently of the void contract. Courts, however, have referred to the contract as throwing light upon the intentions of the parties, and it has been generally held that where a tenant enters and occupies under a parol lease for more than a year, the agreement may be looked to as showing the terms under which the tenancy subsists, in all respects except as to the duration of the term: *Doe v. Bell,* 5 Term Rep. (Eng.) 471; 1 Cru. Dig. 281–284; *People v. Rickert,* 8 Cow. (N. Y.) 226; *Schuyler v. Leggett,* 2 Cow. (N. Y.) 660; *Greton v. Smith,* 33 N. Y. 245; *Clayton v. Blakey,* 8 Term Rep. (Eng.) 3; *Laughran v. Smith,* 75 N. Y. 205." (*Huntington v. Parkhurst, supra.*)

[3] It may be noted also that while the realty in this case was community property of appellant and his wife and the lease was not made by the community as provided in C. S., sec. 4666, since the evidence discloses that the owner fully performed the terms of the lease and the tenant went into possession under the lease and used and occupied the premises for the term therein provided, he cannot plead the statute to escape the payment of rent. This statute is for the protection of the community, and, having enjoyed the benefits of the lease, the tenant cannot use the statute to defeat the payment of the balance of the rent which he agreed to pay. (*Karlson v. Hanson & Karlson etc. Co.,* 10 Ida. 361, 78 Pac. 1080; *Farrar v. Parrish,* 42 Ida. 451, 245 Pac. 934.)

Another trial of this action would entail useless expense. Appellant is entitled to judgment for $500 and interest at seven per cent per annum from November 15, 1922. The judgment is reversed and the cause remanded, with instructions to enter judgment as indicated. Costs to appellant.

Budge, Taylor and T. Bailey Lee, JJ., concur.