(No. 5161.   May 29, 1929.)

C. P. BURNHAM, W. K. BURNHAM and EUGENE DRUSSEL, Appellants, v. WM. A. HENDERSON, Respondent.

[278 Pac. 221.]

L. R. Morgan, for Appellants.

Arthur W. Hart, for Respondent.

BUDGE, C. J.—On August 16, 1926, appellants and respondent executed a written agreement by the terms of which respondent leased to appellants certain real and personal property for a period of three years. In addition to a monthly rental therein provided to be paid, the lease provided that appellants should pay respondent the sum of $300 and execute and deliver to him a note for $200, the same to be held and retained by respondent as security for the life of the lease. Upon the execution of the lease and the payment by appellants of the $300 and delivery of their note for $200, they went into possession of the property and occupied and used the same until about December 1, 1926, when they surrendered the premises to respondent and terminated the lease. This action was subsequently begun by appellants to recover, by a first cause of action, the $300 so paid by them to respondent as aforesaid, and to have returned to them for cancelation the note referred to, for the reason and upon the theory, as alleged in their complaint:

"That the said premises mentioned in the said purported lease agreement now are, and were during all of the times herein mentioned, the community property of said defendant Wm. A. Henderson and his wife Zelnora Henderson.

"That the said purported lease agreement was not executed and/or acknowledged as provided in section 4666 of the Idaho Compiled Statutes of 1919, and that the said purported lease agreement was and is invalid and void."

It is not disputed that the premises made the subject of the lease were the community property of respondent and his wife, and that the lease was not signed or acknowledged

by the wife. In answering the complaint, respondent alleged that the property was under his control and management, that his wife verbally consented to the leasing of the property and acquiesced therein, that during the time appellants were in possession of the property they were not disturbed in the peaceable enjoyment of the same, and that his wife was at all times ready, able and willing "and now is ready, able and willing, should it be required or requested," to sign said lease.

The cause was tried to the court, which found, concluded and adjudged that appellants were not entitled to recover under their first cause of action, and they appeal from that part of the judgment. The sole question here necessary to be considered is whether the written contract between appellants and respondent constituted a valid lease of the premises so as to entitle respondent to retain the $300 paid by appellants, as well as the note executed by them, as a forfeiture for failure by them to carry out the terms of the lease for the full period thereof.

Under the provisions of C. S., sec. 4666, the husband has the management and control of the community property, but he cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered. It was held in *Fargo v. Bennett*, 35 Ida. 359, 206 Pac. 692, that a lease is an incumbrance within the provisions of C. S., sec. 4666, and that a lease on community real estate made by a married man, when the wife does not join in executing and acknowledging the same, is in contravention of the prohibition on the husband contained in that section and is absolutely void. Other and later pronouncements of this court to the same effect are contained in *McKinney v. Merritt*, 35 Ida. 600, 208 Pac. 244; *Hart v. Turner*, 39 Ida. 50, 226 Pac. 282; *Civils v. First Nat. Bank*, 41 Ida. 690, 241 Pac. 1023; *Blaine County Nat. Bank v. Timmerman*, 42 Ida. 338, 245 Pac. 389. Anent the position of respondent that his wife acquiesced in the leasing of the property and was ready, able and willing to sign the lease, it was said in

*Childs v. Reed,* 24 Ida. 450, 202 Pac. 685, and quoted with approval in *Elliott v. Craig,* 45 Ida. 15, 260 Pac. 433, both cases dealing with contracts involving community property in the execution of which the wife had not joined:

"The contract in question was therefore unenforceable either by or against respondent, and such defect may not be cured by a subsequent offer by respondent and his wife to perform, by duly executing, acknowledging, and tendering a deed to their property. The element of mutuality in such a case must exist from the inception of the contract, without reference to the subsequent ability or willingness of one of the parties to perform."

The writer is not unmindful of decisions stating that the statute, C. S., sec. 4666, was enacted for the protection of married women against fraud and imposition by their husbands and others, and that where a contract involving the application of the section has been fully performed and benefits received thereunder, he or they receiving such benefits will be estopped from questioning the validity of such contract. (*Karlson v. Hanson & Karlson Sawmill Co.,* 10 Ida. 361, 78 Pac. 1080; *Farrar v. Parrish,* 42 Ida. 451, 245 Pac. 934; *Quayle v. Stone,* 43 Ida. 306, 251 Pac. 630.) The facts in the instant case, however, do not fit into the rule of these decisions. The contract herein was not fully executed, appellants being in possession of the premises for a short time only, during which they paid the monthly rental, and respondent seeks to invoke the harsh remedy of forfeiture in the retention of the $300 in cash posted by appellants, together with their note for $200, under a contract void *ab initio,* and under which appellants could have been dispossessed at any time. It was said in the course of the opinion in *McKinney v. Merritt,* 35 Ida. 604, 208 Pac. 244.

"We are not authorized to eliminate from the statute the requirement that the wife acknowledge as well as execute the instrument whereby it is sought to sell or encumber community property. This is for the legislature and not for the court. We must accept the statutes as we find them and construe them as they read, where they are

plain and unambiguous, and are not permitted to apply rules of construction in the absence of ambiguity."

Again, the court said in *School District v. Twin Falls County,* 30 Ida. 400, 164 Pac. 1174, quoted with approval in *Deer Creek Highway Dist. v. Doumecq Highway Dist.,* 37 Ida. 601, 218 Pac. 371:

"An estoppel can never be invoked in aid of a contract which is expressly prohibited by a constitutional or statutory provision."

In accordance with the views as herein set forth, that part of the judgment appealed from is reversed, and the cause remanded with directions to enter judgment for appellants on their first cause of action. Costs to appellants.

Givens, Wm. E. Lee and Varian, JJ., and Baker, D. J., concur.