(No. 6205.   July 10, 1935.)

GEORGE F. MITCHELL and LORETTA K. MITCHELL, His Wife, Appellants, v. FRANK T. ATWOOD and HELEN DELPHENE ATWOOD, His Wife, Respondents.

[47 Pac. (2d) 680.]

Tannahill, Durham & Hyatt, for Appellants.

Leo McCarty, for Respondents.

AILSHIE, J.—This action was instituted for the purpose of collecting past due monthly instalments on a contract for the sale of real property. Plaintiffs and defendants had entered into a contract whereby plaintiffs agreed to sell and defendants agreed to purchase a tract of land on which there was a first and second mortgage. Purchasers agreed to assume payment of the two mortgages and to pay the vendors the sum of $1,088.10 in instalments of $11 each

month. A deed to the property was executed and placed in escrow. After making payments totaling the sum of $171.10 the vendees defaulted and this action was thereafter instituted for the collection of the past due instalments.

Defendants answered admitting the execution of the contract, the failure to make the payments, and alleged as a defense to the action that a rescission of the contract had been mutually agreed upon in the month of May, 1932; that thereafter on June 1, 1932, the defendants vacated the property and surrendered possession to the plaintiffs in accordance with such mutual consent and agreement. The case was tried to the court and a jury and a verdict was returned in favor of defendants and judgment was thereupon entered for the defendants from which plaintiffs have prosecuted this appeal.

Appellants by the opening sentence of their argument state the issue confronting the court as follows: "The main question to be decided on this appeal is: Is the evidence in this case sufficient to support the verdict of the jury in favor of the defendants and the judgment entered thereon."

We have read the briefs and the transcript very carefully for the purpose of determining whether or not there was sufficient substantial evidence before the jury to support the verdict returned. We find a conflict in the evidence on two points: (1) As to what was said in the conversation at which it is claimed the agreement was reached for rescission and cancelation of the contract; and (2) as to the delivery of the keys to the house upon the respondents removing therefrom. It was within the province of the jury to determine just what testimony was true and what was untrue. There was sufficient evidence before the jury to justify them in returning the verdict which they found, and in such case we cannot, under the established rule of this court, disturb their verdict. The rule is too well established in this jurisdiction to require more than mention. (*Boomer v. Isley*, 49 Ida. 666, 290 Pac. 405.)

Appellants have assigned error as to statements contained in two instructions given by the court. The first

is contained in Instruction No. 5 and reads as follows: "and the burden of proof is upon the defendant to prove the affirmative matter set up in the answer by a preponderance of the testimony." It is claimed that the error in this instruction consists, not in what was given but rather, in the failure to tell the jury that in order to establish the oral rescission of a written agreement for purchase and sale of real property, it was incumbent upon the defendants to prove the rescission "by clear and satisfactory evidence," and they rely upon the authority of *Prairie Development Co., Ltd., v. Leiberg,* 15 Ida. 379, 98 Pac. 616. We are not at liberty to pass upon this question for the reason that it was not called to the attention of the trial court. In order for us to review the question here it was necessary for the appellants to submit a requested instruction stating the rule as they contend it should have been stated to the jury, and then had the court refused to give the requested instruction, we might here consider the assignment of error on the refusal to give the requested instruction. (*Burns v. Getty,* 53 Ida. 347, 24 Pac. (2d) 31; *McCoy v. Krengel,* 52 Ida. 626, 17 Pac. (2d) 547; *Crystal Dome Oil etc. Co. v. Savic,* 51 Ida. 409, 6 Pac. (2d) 155; *Boomer v. Isley,* 49 Ida. 666, 290 Pac. 405; *State v. Dunn,* 44 Ida. 636, 258 Pac. 553.)

The other instruction complained of is the sentence in Instruction No. 2, reading as follows: "There is only one question before you: Did the plaintiffs cancel the contract, as claimed by the defendants?" The objection made to this appears to be that instead of telling the jury that the question was, "did the plaintiffs cancel the contract," the court should have instructed them that the question confronting them was "whether or not there was an agreement for mutual rescission of the contract or cancelation or forfeiture thereof." This seems to be predicated on the proposition that no contention was made by the defendants that the plaintiffs ever exercised their option contained in the written contract to declare the defendants' rights forfeited, but that on the other hand the contention was being made by defendants that a mutual oral agreement was entered into

whereby rescission or cancelation was effected and that the jury should have been instructed as to the latter proposition. The instruction complained of was more favorable to the plaintiffs than they had any right to have given to the jury, and the giving of the same was not prejudicial error.

Finally it is contended by appellants that since this contract of purchase was entered into in writing by respondents, they thereby acquired a community interest in real property; that the same could not be surrendered or rescinded except by means of a writing executed and acknowledged by the husband and wife. Appellants are not in a position to raise this question for the reason that if any interest in real property were involved (which is not here decided), the husband and wife are here jointly making the contention that the contract has been rescinded and canceled. The wife, participating as a defendant in this action, would therefore be estopped from hereafter asserting any interest in the property. (*Kansas City Life Ins. Co. v. Harroun*, 44 Ida. 643, 650, 258 Pac. 929; *McKinney v. Merritt*, 35 Ida. 600, 608, 208 Pac. 244; *Feltham v. Blunck*, 34 Ida. 1, 10, 198 Pac. 763; *Hamling v. Aetna Life Ins. Co.*, 34 Fed. (2d) 114.)

It must also be remembered that "the statute here invoked is one enacted for the protection of the community" and one dealing with the community may not invoke the statute to obtain an advantage over the community. (*Quayle v. Stone*, 43 Ida. 306, 251 Pac. 630; *Farrar v. Parrish*, 42 Ida. 451, 245 Pac. 934; *Karlson v. Hanson & Karlson Sawmill Co.*, 10 Ida. 361, 78 Pac. 1080.)

Judgment affirmed with costs to respondents.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.