(No. 7042. March 5, 1943.)

A. M. FINLAYSON, Appellant, v. R. E. WALLER, ANNA WALLER and FARMERS and MECHANICS SAVINGS BANK OF MINNEAPOLIS, a corporation. Respondents.

[134 Pac. (2d) 1069.]

A. A. Merrill and L. H. Merrill for appellant.

Alvin Denman for respondents, R. E. Waller and Anna Waller.

DUNLAP, J.—Prior to January 9, 1939, appellant was the owner of certain real property in Idaho Falls, upon which he had started the construction of an apartment

house. On that date he made a contract with the respondents, Mr. and Mrs. Waller wherein it is agreed the apartment house was to be deeded to the Wallers, who were to place an F. H. A. loan thereon for $12,500.00, which amount was to be used, as far as necessary, in completing said building in accordance with the plans and specifications required by the F. H. A. Appellant was to complete the building and the Wallers were to pay him the sum of $12,500.00 from said F. H. A. loan, payments to be advanced to appellant as the building progressed, and in accordance with the rules and regulations of the F. H. A. In this agreement, the Wallers bound themselves to. trade for the apartment house certain farm lands in Bingham County, Idaho, and upon which they were to pay taxes and water assessments up to and including 1938 and also interest and delinquencies up to March 1, 1939 on the Federal Land Bank contract which evidenced the Wallers' equity in the property. The contract further provides that papers connected with the trade or exchange are to be placed in escrow and in the event the loan of $12,500.00 could not be obtained from the F. H. A., the agreement was to become null and void and all escrow papers returned to their respective owners without liability to any of the parties thereunder. The contract is signed and acknowledged by appellant and signed, but not acknowledged by the Wallers.

Appellant testified in substance and effect, the loan of $12,500.00 was not procured and negotiations were entered into which resulted in a loan on the apartment house of $11,000.00; this loan was evidenced by a mortgage on the apartment house given by the Wallers to the Allied Building Credits, Inc., dated June 16, 1939, recorded June 28, 1939, and the modification of the contract respecting the change in the loan feature thereof, was orally agreed upon by the parties; that to compensate for the difference between the $12,500.00 loan contemplated in the written contract and the $11,000.00 loan actually received, the Wallers executed in favor of his son who also worked on the apartment house and at appellant's request, and as security for the payment of this difference of $1,500.00, a warranty deed to certain real property then owned by the Wallers in Idaho Falls and which property was so conveyed subject to a prior mortgage thereon. This deed was executed by the Wallers on June 21, 1939 and subsequently recorded.

The apartment house property was conveyed by appellant and wife to the Wallers by warranty deed dated February 11, 1939, recorded June 28, 1939 upon which latter date appellant testified he delivered the deed to the Wallers.

The mortgage was, by instrument dated April 10, 1940 recorded May 2, 1940 assigned by the said mortgagee to respondent Farmers and Mechanics Savings Bank of Minneapolis, a corporation.

On February 7, 1940 appellant, as claimant, executed and recorded claim of lien against the Wallers as defendants, on the apartment house property, wherein it is recited he began to perform the work, labor, and furnish materials under the contract with the Wallers on the first day of March, 1939 and ceased on December 13, 1939; that under the contract he was to receive $12,500.00 and in addition thereto he had furnished extra material and labor of the reasonable value of $211.00 making a total sum of $12,711.00, no part of which had been paid except the sum of $5,859.39, leaving a balance due of $6,855.61, which he claimed together with $10.00 attorneys fees for making and filing the lien.

One of the grounds in the motions for non-suit alleged appellant had failed to offer any proof to show the controversy was submitted to arbitration prior to the institution of this action by him, as provided by paragraph 18 of the general conditions of exhibit B, appended to plaintiff's second amended complaint, the same being general conditions and specifications for the building, and which specification were conceded to be a part of the agreement for the construction of the apartment. It is conceded no arbitration proceedings were had, and if we sustain this contention of respondents, it will dispose of the case.

However, the lack of arbitration proceedings prior to suit was not pleaded by respondents as a defense, and it must therefore be deemed to have been waived. On this point we quote from the note in 117 A. L. R., p. 308, where the author, citing many cases in support thereof, states the rule as follows:

"The defendant's conduct in filing an answer or counterclaim or tendering issue on the merits or proceeding to trial on the merits without demanding arbitration in an action instituted on the contract by the other party in disregard of the arbitration provision, is clearly inconsistent with the notion that he consider the arbitration provi-

sion as still in effect or anticipates availing himself of his rights thereunder, and, consequently, generally constitutes a waiver thereof."

As to whether or not such defense would have been good, had it been pleaded, we do not decide.

■ The rules of law applicable to test the right to a non-suit are well expressed by Justice Budge in the case of *Miller v. Gooding Highway District*, 55 Ida. 258, 41 P. (2d) 625. See local, pages 262 and 263, and cases in support of the rules which are there cited. A reiteration of what is there so clearly stated will serve no useful purpose here; it is probably sufficient to say the motions of non-suit under consideration here, being equivalent to demurrers to the evidence, will be tested by that version of the evidence most favorable to the plaintiff.

We will first consider the motion for non-suit by respondent bank.

■ Any claim of lien appellant may have had for services and materials prior to June 28, 1939, the date the deed to the apartment house was delivered by him to the Wallers and the date it was recorded, would be merged in the deed and not enforceable. No reservation of title because of the lien, or otherwise, was expressed in the deed, and under Sec. 54-612, I. C. A., the use of the word "grant" therein implied the estate conveyed therein was free from encumbrances done, made or suffered by the grantor or any person claiming under him. (See also Phillips on Mechanics Liens, p. 390; *Littleton Savings Bank v. Osceola Well Co.*, 76 Iowa 660; 16 Am. Jur., p. 622, Sec. 326, p. 623, Sec. 327.)

As for the claim the lien of the mortgage was inferior to the claim of the lien for labor performed and materials furnished after the delivery of the deed and recording of the mortgage, both of which events took place on June 28, 1939, Sec. 44-506, I. C. A., makes mechanics liens preferred to "any lien, mortgage or other encumbrance of which the lienholder had no notice, and which was *unrecorded* at the time the building, improvement or structure was commenced, *work done*, or *materials were commenced to be furnished.*"

■ Our attention has not been called to any provision of our law giving preference to such liens over prior recorded mortgages, and under the provisions of Sec. 54-

729, I. C. A., as amended by Chap. 33, 1935 Session Laws, p. 57, any instrument affecting title to real property, copied into the proper book of record, kept in the office of any County Recorder imparts notice of its contents to subsequent purchasers and encumbrancers. A lien existing on the property before a mechanics lien is attached, is protected. (36 Am. Jur., p. 117, Sec. 176.)

The rule applicable here, is stated in 40 C. J., p. 289, Sec. 369, as follows:

"On the other hand, it is also a general rule that where the property is subject to a mortgage or other encumbrance at the time of the accrual of the mechanic's lien, such mortgage or encumbrance retains its priority and the mechanic's lien is postponed thereto."

In view of what has been said with referenc to appellant's conveyance of the property in question, by deed to the Wallers, neither can we sustain appellant's theory he had a vendor's lien on this property, superior to the mortgage.

As between a vendor's lien, latent and secret, and a legal lien by a mortgage, arising at the same time, the latter will prevail. (Vol. 2, Jones on Liens, 3rd Ed., Sec. 1080.) A vendor who gives a deed with warranty to a purchaser and allows the purchaser to obtain credit on the faith of the ownership of the property, cannot claim a vendor's lien as against other creditors. (Vol. 2, Jones on Liens, 3rd Ed., Sec. 1091; *Harms v. Frost,* 68 Ill. Apps. 186; *Ferger v. Allen,* 170 P.. (Cal.) 861; *Young v. Austin,* 100 Ill. Apps. 248; *Larschied v. Kittell,* 20 Am. & Eng. Anno. Cas. 576.)

Upon the assignment of this mortgage, the assignee became vested with all the rights, powers and equities of the original mortgagee, and the mortgage in the hands of the assignee takes precedence over a lien which attached prior to the assignment but subsequent to the execution of the mortgage. (41 C. J., p. 683, Sec. 700; Vol. 1, Jones on Mortgages, 8th Ed., p. 825, Sec. 598; *Coonrod v. Kelley,* 119 Fed. 841; *Mitchell v. Koch,* 95 N. E., (Ind.) 231.)

It appears the conveyance of the apartment house property from appellant to the Wallers, was made for the purpose of enabling them to mortgage the property so they might acquire funds to pay appellant the compensation as agreed in the contract. Such facts are inconsistent with

any intention to retain an implied vendor's lien, and therefore a waiver thereof. (27 R. C. L., p. 575, Sec. 318.)

It is therefore apparent the court properly granted the bank's motion for non-suit.

In support of their motion for non-suit the Wallers also contend that as the written contract was not executed or acknowledged as provided by Sec. 31-913, I. C. A., they are not liable, by reason of their failure to convey their equity in the farming property. However, the fact remains, following the agreement between these parties the Wallers received from appellant title to, and possession of, a rather valuable apartment house for which they have failed to pay, according to appellant's testimony. Sec. 31-913, I. C. A., is for the protection of the community and one who has substantially profited by such a contract as we have here cannot use a statute to defeat payments to which he has agreed. (*Quayle v. Stone*, 43 Ida. 306, 251 P. 630; *Mitchell v. Atwood*, 55 Ida. 772, 47 P. (2d) 680; *Kansas City Life Ins. Co. v. Harroun*, 44 Ida. 643, 258 P. 929.)

The transcript of the evidence and proceedings in this case, together with the numerous exhibits, constitute a volumnious record, which we have carefully considered, and as appears by the record there is considerable conflict between appellant and the Wallers as to the facts involved.

Appellant testified in substance, in addition to what has heretofore been pointed out, as follows: The written contract pleaded, was subsequently modified upon agreement between the parties; there was an oral agreement for change in the specifications; changes in plans were made in accordance with requests of the Wallers; the building was completed according to instructions from the Wallers. Extra work and materials, and equipment were purchased by appellant and installed, for which the Wallers agreed to pay. Mr. Gates, an F. H. A. inspector, had, upon final inspection, written up and signed an acceptance of the building (which statement was corroborated by witness W. E. Crowther); proceeds of the loan were improperly disbursed on orders signed by the Wallers, and in this manner items were improperly charged to appellant. Appellant also testified the amounts actually paid to him and disbursed for his benefit on the loan proceeds, were much less than the amounts so received, and that the total of

payments received, was only $6,032.81. He also testified he had never received from the Wallers the farming property which they agreed to trade in upon the apartment house, and it also appears he never received the assignment of the contract evidencing the Wallers' interest in the land.

By making the motion for non-suit, the Wallers were deemed to have admitted these facts, and their motion should have been denied. (*Miller v. Gooding Highway District*, supra.) The issues between these parties should have been tried and determined. Equity having obtained jurisdiction of the subject matter of a dispute will retain it for the settlement of all controversies between the parties with respect thereto. (*Gillette v. Oberholtzer*, 45 Ida. 571, 264 P. 229.)

Judgment affirmed as to respondent Farmers and Mechanics Savings Bank of Minneapolis, a corporation, and reversed as to respondents, the Wallers; and a new trial is granted to appellant as against respondents, R. E. Waller and Anna Waller.

Costs awarded to appellant as against respondents, the Wallers.

Holden, C.J., Ailshie, Budge and Givens, JJ., concur.