375 P.2d 180

Kenneth ECKMAN, Plaintiff-Respondent,

v.

D. M. JONES, Defendant-Appellant.

No. 9057.

Supreme Court of Idaho.

Oct. 9, 1962.

Holden, Holden, Kidwell & Williams, Idaho Falls, for appellant.

Rigby & Thatcher, Rexburg, for respondent.

**12**

McQUADE, Justice.

On August 24, 1960, at about 11:30 a. m., Clarence R. Widdison, an employee of the plaintiff, was driving plaintiff's logging truck and trailer on U. S. Highway 26, near Palisades, Bonneville county, Idaho. The truck and trailer was being driven in a northerly direction at a speed of about 40 miles per hour according to plaintiff's driver and in excess of 50 miles per hour according to the defendant. The truck and trailer was at the time loaded with logs, approximating a gross weight of 70,-000 pounds. The truck was overtaking the defendant's car. Plaintiff contends, and his driver so testified, that the defendant signaled for a left-hand turn approximately three hundred feet before reaching the turnoff to Bird's Market; that as defendant's car started its left-hand turn and was approximately halfway across the center line of the highway, the plaintiff's driver steered to the right-hand edge of the paved highway to pass defendant's vehicle on the right; that at that moment, without warning, the defendant veered back into the right lane directly in the path of the plaintiff's vehicle and stopped on the highway; that due to this course of action on the part of the defendant, plaintiff's driver, in order to avoid a collision with defendant's car and because of the decline of the right shoulder of the roadway, swerved his logging truck to the left around defendant's car; and that plaintiff's driver then swerved back to the right to miss a power pole and the truck tipped over onto its left side, causing damage to the truck and trailer.

Plaintiff claims the negligence of the defendant in pulling his car back into the right-hand lane of traffic and stopping without any warning after he had started to make a left-hand turn caused the damages sought to be recovered in this action.

Defendant denies negligence on his part. He contends that he had signaled a left-hand turn, but that he did not start to make the turn. Instead, he claims that he stayed in the right-hand lane and when he saw plaintiff's truck "bearing down" on him at an excessive speed, he remained in his lane rather than make the turn. Defendant further alleges that the plaintiff was guilty of contributory negligence in that the driver failed to have the truck under control; that the driver was traveling in excess of 50 miles per hour in a 45 mile per hour zone; that the driver negligently failed to apply his brakes or reduce his speed; and that, therefore, if plaintiff was damaged, it was because of the negligence of plaintiff's employee.

The parties stipulated the time and place of the accident and that at the time and place of the accident it was daylight and that the weather was cloudy and the road was dry. It was further stipulated the width of the oiled portion of the highway at the place where the plaintiff's truck overturned was twenty-four feet six inches, with an additional three-foot shoulder on each side of the highway. So, too, the parties to this action stipulated the amount of damages and that the posted speed limit at the place where plaintiff's truck overturned was 45 miles per hour. The jury was informed of these stipulations.

At the conclusion of the trial, the jury rendered a verdict for the plaintiff and assessed damages at $5,614.61. Judgment was entered on the verdict and it is from this judgment that the defendant appeals; also from an order denying defendant's motion for judgment non obstante veredicto and for a new trial.

Appellant assigns as error the denial by the trial court of his motion for an involuntary dismissal, made at the conclusion of plaintiff's case. See 2B Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Civil, § 1074, p. 372.

It is stated in 2B Barron and Holtzoff, supra, § 919 at p. 146:

> "A motion for involuntary dismissal at the close of the plaintiff's case takes the place of the old motion for a non-suit and in a nonjury action somewhat fulfills the function of a motion for a directed verdict in a jury case. Read literally, the rule permits such a motion for dismissal in a jury case, and such motions have been made and entertained, but they are functionally indistinguishable from a motion for a directed verdict, under Rule 50(a), and should be and are so considered by courts."

See also Sano v. Pennsylvania R. Co., C.A. 3rd, 1960, 282 F.2d 936; Makowsky v. Povlick, C.A.3rd, 1959, 262 F.2d 13. This action was tried before a jury. Because a motion for a directed verdict and a motion for an involuntary dismissal both serve the same function in a jury case, the rule that a defendant waives his right on appeal to assign as error the denial of his motion for a directed verdict, made at the close of the plaintiff's case, when he presents evidence, applies with equal force to a motion for an involuntary dismissal.

Appellant contends that the trial court erred in failing to rule as a matter of law that plaintiff's employee, Clarence R. Widdison, was guilty of contributory negligence and that the defendant was not liable in this case. Appellant contends that the plaintiff's employee was operating the truck in violation of I.C. §§ 49–701 and 49–717, and that this violation constituted negligence as a matter of law. It is upon these same grounds that appellant assigns as error the denial by the trial court of appellant's motions for a directed verdict (in which he renewed his motion for involuntary dismissal); the denial of defendant's motion for judgment notwithstanding the verdict; and the denial of defendant's motion for a new trial.

The statutes that defendant asserts plaintiff's driver violated provide as follows:

"49–701. Basic rule and prima facie limits.—(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(b) Where no special hazard exists that required lower speed for compliance with paragraph (a) of this section the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

\*　　\*　　\*　　\*　　\*　　\*

"(c) The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect

to pedestrians or other traffic or by reason of weather or highway conditions."

"49–717. Following too closely.—(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

A review of the record discloses that there is conflicting evidence on the question of whether or not the plaintiff's driver violated either of the statutes. Plaintiff's driver stated that he was traveling at about 38 miles per hour; that there was no oncoming traffic; that the road ahead was straight; that the defendant signaled a left-hand turn and then began gradually to make the left-hand turn; that the car had crossed the center line of the highway far enough so that the driver could pass the car on the right without going off the paved portion of the highway; and that when he was about to pass on the right the defendant veered his car back to the right and in the path of the truck and stopped. The driver stated that because of the gear the truck was being operated in it was impossible to go over 45 miles per hour. Defendant, on the other hand, contends that he had not begun to make his left hand turn and further that the speed of the truck was in excess of the legal speed limit.

I.C. § 49–711, allows the driver of a vehicle to overtake and pass another vehicle on the right under the following conditions.

"(a)  *  *  *  When the vehicle overtaken is making or about to make a left turn;

*     *     *     *     *

"(b) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway."

■ Applying the facts under the applicable statutes it is readily apparent that there is conflicting evidence concerning the question of whether any of the sections of the statutes had been violated, thus presenting a question for determination by the jury.

Therefore, the trial court to grant appellant's motion that as a matter of law the plaintiff's driver was guilty of contributory negligence, would have required the trial court to determine that the driver had violated one of the statutes here in question and that such violation was the proximate cause of the injury. This court held in Bell v. Carlson, 75 Idaho 193, 270 P.2d 420, that "Contributory negligence is generally a question of fact for the jury, but becomes a question of law for the court when es-

tablished facts and circumstances permit only one possible conclusion to be drawn by a reasonably prudent man." In that case this court further held that "The mere fact of a violation of a law of the road is not contributory negligence barring recovery unless such negligence constitutes a proximate contributing cause to the injury."

So, too, while violation of a statute may constitute negligence per se; yet when there is conflicting evidence on the question of whether a statute has been violated, it is the function of the jury to determine whether a violation has occurred. Kendrick v. Atchison, Topeka & Santa Fe Railroad Co., 182 Kan. 249, 320 P.2d 1061; Mula v. Meyer, 132 Cal.App.2d 279, 282 P.2d 107; Shelton v. Paris, 199 Or. 365, 261 P.2d 856. In other words, the question of compliance or noncompliance with traffic regulations is generally a question for the jury. Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724.

Viewing the evidence in a light most favorable to the plaintiff, the jury could have found that the plaintiff's driver was traveling within the legal speed limit; that the defendant had signaled for a left-hand turn and had started to make it; that the defendant's car was far enough to the left so that the plaintiff's driver could have safely passed defendant on the right; and that the act of the defendant in steering the car back to the right in the path of the plaintiff's truck was the negligent act which proximately caused the accident. That the jury could have found otherwise does not alter the rule that conflicts in the evidence are for the jury and not the court to resolve. Daniels v. Campanello, 75 Idaho 475, 274 P.2d 998; Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680; Webster v. McCullough, 45 Idaho 604, 264 P. 384. Accordingly, the trial court did not err in refusing to rule that plaintiff's driver was guilty of contributory negligence as a matter of law. For the same reasons it was not error to deny defendant's motion for a directed verdict.

Appellant contends that the court erred in denying his motions for a judgment notwithstanding the verdict and for a new trial. As noted previously in this opinion, there is conflicting evidence on the issues of negligence and contributory negligence that warranted their submission to the jury. Further, there is substantial evidence to support the verdict. Where evidence is conflicting and there is substantial evidence to support the verdict, it will not be set aside. Boomer v. Isley, 49 Idaho 666, 290 P. 405; Mitchell v. Atwood, supra; Daniels v. Campanello, supra.

Appellant contends that the trial court erred in refusing to permit Claude Lynn to testify concerning the speed at which he observed plaintiff's truck drive through Palisades for two months prior to the acci-

dent. Plaintiff's driver had testified on cross-examination that he had never driven the truck through the Palisades area in excess of 45 miles per hour. Defendant then sought to introduce the testimony of Lynn, to the effect that Lynn had seen the truck in question being driven through this area by someone at speeds of fifty miles per hour or more. The testimony offered was for the purpose of impeaching Widdison, without identifying him as the driver on other occasions.

Without considering the question of whether or not failure to identify the driver was fatal to the admissibility of the testimony on the grounds that no proper foundation had been made, it is sufficient to hold that the testimony was inadmissible for other reasons. Appellant does not contend that this testimony was offered for any purpose other than impeachment. Thusly, the testimony sought to be so elicited from Lynn was irrelevant. Hence, the trial court did not err in refusing to permit Lynn to testify as to the speed of the truck on occasions prior to the accident. 98 C.J.S. Witnesses § 633, p. 650.

Appellant assigns as error the failure of the trial court to give two of defendant's requested instructions. A review of the instructions given by the court to the jury reveals that they amply covered the points of law raised by defendant in his requested instructions. Therefore, the trial court did not commit error in refusing to give the instructions.

Having examined all assignments of error we are of the opinion that no reversible error was committed in the trial of the case.

The judgment, therefore, is affirmed.

Costs to respondent.

SMITH, C. J., and TAYLOR, KNUDSON and McFADDEN, JJ., concur.