## W. D. FARRIS v. U. M. GILDER.

### Decided January 11, 1908.

**Court Minutes—Alteration—Power of Clerk.**

After the minutes of a court have been read and approved by the judge, the clerk has no authority to make any alterations in them, even though it be only the date on which the court adjourned for the term and so as to make the minutes speak the truth. Such change can only be made by order of the court.

Appeal from the County Court of Ellis County. Tried below before Hon. J. T. Spencer.

No brief for appellant.

*McRae & Lumpkins, J. W. Stinnett* and *Sadler & Arnold*, for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a motion made by appellee to dismiss this appeal. The transcript filed in the case on appeal shows that the term of court at which this case was tried and judgment rendered, adjourned on July 27, 1907; that the appeal bond was not filed in the trial court until August 29, 1907, more than thirty days after the date of the adjournment of the court. The appellant was a citizen and resident of Ellis County,

and the appeal bond should have been filed within twenty days after the adjournment of the term of court at which the judgment was rendered. The appellant replied to the motion alleging that as a matter of fact the term of the court at which the judgment appealed from was rendered, did not adjourn until the 10th day of August, 1907; that while the minutes of said court did show at the time the certificate to the transcript in this cause was made, that the term of said court adjourned on the 26th of July, 1907, but that this was an error of the clerk in dating said minutes; that the minutes have been changed so as to speak the truth and show that said term of court adjourned on August 10, 1907, the true date of adjournment. The reply had the certificate of the clerk attached, in which the clerk certifies to the facts as stated. The reply asked that a certiorari be awarded to correct the record. We granted the motion for certiorari and in reply thereto it is shown that the term of court could, under the order of the Commissioners Court fixing the terms of the County Court, have continued until the Saturday before the second Monday in August. If the court adjourned on the 27th of July, the appeal bond was not filed in time, but was filed within time if the court actually adjourned on the 10th of August. The certificates of the clerk are, in substance, "that the civil minutes of said court, did on the 25th day of October, 1907, at the date of the certificate to the transcript in cause No. 2809 in said court, styled W. D. Farris v. U. M. Gilder, show that said term of said court adjourned on the 26th day of July, 1907, but that this was an error in the clerk of said court in dating said minutes, and that since his attention has been called to said error, he has changed same so that it speaks the truth, and now shows that said term of said court did adjourn on the 10th day of August, 1907, which was the true date of said adjournment."

It is gathered from the clerk's certificate that the minutes, as first written and when approved by the judge and when the transcript was made out, showed that the June term of court at which the judgment was rendered, adjourned on July 27, 1907, and that the clerk upon his attention being called to the matter after the transcript was filed herein, changed and corrected the minutes so as to show that the court adjourned August 10, 1907. It was the duty of the judge to correct and sign the minutes in open court. Sayles' Civ. Stats., art. 1120 and art. 1146. We are of the opinion that the clerk had no authority after the minutes had been approved and the court had adjourned to change the minutes in this respect. The matter should have been called to the attention of the court by motion, and if the facts as shown by the certificate of the clerk filed herein be true, the court could, and presumably would, upon proof of the facts, have entered an order authorizing the minutes to be corrected so as to show the true date of the adjournment of the June term, 1907, of the court. Rhodes v. The State, 29 Texas, 190; Holman v. Chevaillier, 14 Texas, 339. In the absence of such an order the clerk was not authorized to correct the minutes. There is no other evidence before us, except these certifi-

cates, tending to show the true date of the adjournment of the term of court at which the judgment appealed from was rendered. It follows from these remarks that the motion to dismiss this appeal must be sustained. The appeal is dismissed.

*Dismissed.*