## R–K–O DISTRIBUTING CORPORATION
## v. MATSON et ux.

### No. 11638.

Court of Civil Appeals of Texas. Dallas.

May 18, 1935.

Alvin H. Lane and Felix D. Robertson, both of Dallas, for plaintiff in error.

Leake, Henry & Young, of Dallas, for defendants in error.

JONES, Chief Justice.

Plaintiff in error, R K O Distributing Corporation, instituted this suit against defendants in error, C. W. Matson and wife, Ira B. Matson, residents of Milam county, as copartners in the picture show business, to recover damages in the amount of the contract rentals upon six written contracts for the exhibition of moving pictures, to be distributed by plaintiff in error to defendants in error's theaters in Caldwell and Rockdale, Tex. Plaintiff in error will be styled "plaintiff," and defendants in error will be styled "defendants." The following are the facts:

The case was tried on its merits and judgment entered in favor of defendants February 15, 1933. Motion for a new trial was filed by plaintiff, February 16, 1933. This motion was not acted upon by the court until May 9, 1933, when the trial court entered an order, granting plaintiff's motion for a new trial. Such order was entered 82 days after the filing of the original motion for rehearing, no amended motion having been filed. Under subdivisions 28, 29, and 30 of article 2092, Vernon's Ann. Civ. St., as such subdivisions are construed by the Supreme Court, in the case of Dallas Storage & Warehouse Co. v. Taylor, District Judge et al., 77 S. W.(2d) 1031, this motion must have been presented to the trial court for action thereon within 30 days from the date of its filing, and if not formally acted upon within such period of 30 days, it is overruled by operation of law. On March 18, 1933, such motion must be considered as overruled, and the judgment became final and the term of court, as to this cause, ended 30 days after said date of March 18, 1933, which is April 15, 1933. After said last-named date, the trial court lost control of the judgment and had no power thereafter to enter the order granting the motion for a new trial. The order granting the motion for a new trial, entered May 9, 1933, is void, and therefore the instant case has the status of having been finally determined by the trial court on March 18, 1933, the date on which the plaintiff's motion for a new trial was overruled by operation of law.

Notwithstanding the order of the trial court, in granting a new trial, after loss of jurisdiction of the cause for any purpose, plaintiff had the right to have the judgment of the trial court, in favor

of defendants, reviewed, either by appeal or by writ of error, provided it conformed to the statutory requirements in perfecting such appeal or writ of error to this court. In justice to the attorneys and the learned trial judge, it should be stated that the decision of the Supreme Court, in the case of Dallas Storage & Warehouse Co. v. Taylor, supra, was not rendered until several months subsequent to the action of the court on the motion for a new trial; and that under the rule generally in force prior to this decision, the trial court retained jurisdiction of the motion for a new trial until it was formally acted upon by the court, the motion having been filed within the statutory time. We, therefore, overrule the preliminary contention of defendants in their brief, to the effect that the instant case, by virtue of the order of May 9, 1933, is on the docket of the trial court, awaiting another trial on its merits.

The petition and bond for writ of error were filed on August 2, 1933, within the statutory period of six months from the date of the rendition of judgment, allowed for the prosecution of a writ of error, and we hold the cause is properly before this court for review.

Plaintiff's petition alleges a cause of action for the recovery as damages, the contract price to be paid by defendants for exhibition in their theaters of the moving pictures specified in the contracts.

Defendants, among other things, alleged two special defenses: (1) To the effect that there was a subsequent contract in respect to each of the contracts alleged in plaintiff's petition, that defendants were to pay the contract price of those pictures named in the contracts, only in the event they chose to exhibit such pictures; and (2) a defense to the effect that the contracts sued upon show on their face that they are in violation of the Texas antitrust law (Vernon's Ann. Civ. St. art. 7426 et seq.), and hence not enforceable.

The case was tried to the court without a jury, and is before this court without dispute in the evidence; both parties closing when plaintiff closed its testimony. The evidence discloses the following undisputed facts:

On December 9, 1929, the parties entered into the first written contract, under which plaintiff granted to defendants a license to exhibit the copyrighted pictures named in the contract during the year beginning August 15, 1929, and ending August 15, 1930, at the specified rental price, and for four years thereafter. The amount of the rental values of these pictures to August 15, 1930, was $382.98. Though the films of the pictures, embraced in this contract, were tendered to defendants, they refused to exhibit any of them, and refused to pay any of the contract price.

On February 5, 1932, the parties entered into the second written contract, by the terms of which defendants were bound to exhibit the pictures described therein, at the rental named; during the time from the date of the contract to November 30, 1932, the rental value of said pictures, as shown by the contract, was $238.50. None of these pictures were exhibited and no part of the rentals paid.

On February 5, 1932, the parties entered into the third written contract, by the terms of which defendants were bound to accept and exhibit during the time from the date of the contract to November 30, 1932, and to pay the total value of the rentals in the sum of $380. None of these pictures were exhibited and no part of the rentals paid.

Under substantially the same agreements, the defendants and the RKO–Pathe Distributing Corporation entered into three several contracts, under the terms of which defendants bound themselves to exhibit the pictures named in each of these contracts, and to pay the rental also named therein. The defendants refused to accept any of the pictures or to pay the rentals on the RKO–Pathe Distributing Corporation contracts, and, by a valid assignment, the claims of such distributing corporation for such breach of each of the three contracts were assigned to plaintiff. The first of the Pathe contracts was entered into February 5, 1932, by the terms of which defendants bound themselves to exhibit pictures named in the contract, and to pay the rentals named therein. This contract was to end March 1, 1933. Defendants never exhibited any of the pictures therein named, nor paid any of the rentals thereunder; these rentals amounted to $76.

On February 5, 1932, defendants entered into a second contract with the Pathe Distributing Corporation, by the terms of which defendants bound themselves to exhibit, during the time embraced in the contract, the pictures therein named, and to pay the rentals named for each picture

therein. Defendants refused to accept and exhibit any of such pictures embraced in said contract, and refused to pay any part of the rentals; the rental aggregating the sum of $68.

On February 5, 1932, the Pathe Distributing Corporation and defendants entered into the third contract, by the terms of which defendants bound themselves to exhibit the pictures named in such contract, and to pay the rental named therein. Defendants refused to exhibit any of the pictures, and refused to pay any part of the rental named in the contract, aggregating the sum of $76.

The undisputed evidence further shows that plaintiff was able and willing to furnish for exhibition the films of the pictures named in the three contracts, above mentioned; that the failure of defendants to carry out the terms of the contracts damaged plaintiff in each of these three contracts in the amount of the rentals, because, under the terms of their contracts, the amount of the rental in each contract became liquidated damages.

The undisputed evidence further shows that, under the three contracts entered into between defendants and the RKO-Pathe Distributing Corporation, such corporation was damaged in the amount of the contract rental value of the pictures named therein, and that such rental value, in each contract, became liquidated damages.

The only defense offered by the pleadings of defendants is that stated above, viz., the defense of a subsequent contract that gave defendants an option to accept the films for their picture shows, and the defense that the contracts are void, being in violation of the Texas anti-trust laws. No evidence was offered on the first defense pleaded, and the courts of this state are unanimous in holding against defendants on their claim that the contracts violated our anti-trust laws. R. Z. Glass v. Karl Hoblitzelle et al. (Tex. Civ. App.) 83 S.W.(2d) 796; M–G–M Distributing Corp. v. Cocke (Tex. Civ. App.) 56 S.W. (2d) 489; Coca-Cola Co. v. State (Tex. Civ. App.) 225 S. W. 791.

Under the undisputed evidence, it became the duty of the trial court to render judgment for plaintiff in the following amounts: On the contract of December 9, 1929, for the sum of $382.98, together with 6 per cent. interest from August 15, 1932; judgment on the first contract of February 5, 1932, for the sum of $238.50, together with interest at the rate of 6 per cent. per annum from November 30, 1932; judgment on the second contract of February 5, 1932, for the sum of $380, together with interest at the rate of 6 per cent. per annum from November 30, 1932; judgment on the first Pathe Distributing Corporation contract, of date February 5, 1932, in the sum of $76, together with interest at the rate of 6 per cent. per annum from March 1, 1933; judgment on the second Pathe contract of February 5, 1932, in the sum of $68, together with 6 per cent. interest per annum from March 1, 1932; judgment on the third Pathe contract, of date February 5, 1932, for the sum of $76, together with interest at the rate of 6 per cent. per annum from date of March 1, 1933.

As it was the clear duty of the trial court to render judgment in favor of plaintiff, for the respective amounts above given, on the failure of the trial court to do so, it becomes the duty of this court to enter such judgment, and it is so ordered.

That portion of the judgment of the lower court against defendants on their cross-action is affirmed; the portion of the judgment in favor of defendants against plaintiff is reversed and here rendered in the respective amounts stated above, with interest from date of this judgment at the rate of 6 per cent. per annum.

Affirmed in part, and reversed and rendered in part.