## UNION CENT. LIFE INS. CO. v. ROACH et al.

### No. 1847.

Court of Civil Appeals of Texas. Waco.

April 15, 1937.

Rehearing Denied May 20, 1937.

Sleeper, Boynton & Kendall, of Waco, for plaintiff in error.

W. V. Dunnam and Bryan & Maxwell, all of Waco, for defendants in error.

ALEXANDER, Justice.

On February 13, 1926, L. R. Roach and wife conveyed to J. D. Grantham 190 acres of land in McLennan county and retained a vendor's lien to secure the payment of certain purchase-money notes described therein. In April of the same year Grantham borrowed from the Union Central Life Insurance Company the sum of $6,000 and gave a deed of trust on said land to secure the payment of the loan. The money was borrowed for the alleged purpose and was actually used in paying off the notes secured by the lien retained by Roach and wife. After securing the loan, Grantham reconveyed the land to Roach, who assumed the payment of the loan company's debt. The loan company brought this suit to recover for its debt and to foreclose its lien on the land. Roach and wife alleged that the land was their homestead; that the purported sale thereof to Grantham was a fictitious transaction made for the purpose of placing a lien on the homestead; that Mrs. Roach never in fact acknowledged the conveyance to Grantham and that the loan company knew that the land was Roach's homestead and that the sale was a fictitious one. By way of cross-action they sought a cancellation of the loan company's deed of trust. The loan company alleged that on account of certain conduct set out specifically in the pleading Roach and wife were estopped to plead that the property was their homestead. A trial before a jury resulted in a judgment for plaintiff against Grantham and Roach for the debt, but defendants' cross-action for cancellation of the lien was sustained and plaintiff was denied a foreclosure thereof. The plaintiff appealed.

A brief statement will facilitate an understanding of the legal questions to be discussed. The notary who purported to have taken Mrs. Roach's acknowledgment to the conveyance of Roach and wife to Grantham was dead. Mrs. Roach admitted having signed the deed, but testified that she did not know that it was a conveyance of her homestead; that her husband told her he wanted her to sign the instrument so he could get some money; that she "understood that it was for the purpose of obtaining some money"; that she signed the deed in her home in the presence of her husband and he later took it to town; that she did not appear before the notary in person and acknowlege the deed; that the notary called her by telephone and asked if she had signed the instrument that her husband had brought in and she acknowledged to him that she had, but the notary did not ask her any other questions and did not explain the instrument to her nor otherwise take her acknowledgment in the manner provided for the taking of a married woman's acknowledgment. Prior to closing the loan, Roach and wife and Grantham executed and delivered to the loan company their affidavit in which it was stated that the affidavit was made for the purpose of inducing the loan company to make the loan and that the conveyance from Roach and wife to Grantham was a real transaction made in good faith; that J. D. Grantham was in peaceful possession of the premises and that there were no homestead or community claims against the same prior to the lien being taken up by the loan company; and that affiants knew of no defects in the title of the said J. D. Grantham. J. N. McFarland was the district agent or representative of the loan company with offices at Waco. F. M. Lyon took Mr. Grantham's application for the loan. Mr. McFarland, who was called as a witness for the defendants, testified that Mr. Lyon did not represent the loan company, but that he, McFarland, employed Lyon as his own personal representative and paid him a commission for his services, and that he, McFarland, did not have authority to employ agents to represent the loan company. He testified that he closed the loan, having advanced the money temporarily, and that after the papers were forwarded to the loan company and the loan accepted, the money so advanced by him was refunded by the loan company. There was no evidence that McFarland, or any other person purporting to represent the loan company

other than Lyon, had any information tending to show that the conveyance from Roach and wife to Grantham had not been made in good faith. There was evidence, however, that Grantham told Lyon that the purported sale was a fictitious one made for the purpose of enabling Roach to secure a loan on the land. Lyon had been instructed by McFarland not to take an application for a loan where there had been a fictitious sale of the homestead. Lyon took Grantham's application in which it was stated that Grantham owned a perfect and undisputed fee-simple title to the land and that there were no adverse claims thereto.

The jury, in answer to special issues, found that on February 13, 1926, the date of the deed from Roach and wife to Grantham, the land in question was the homestead of Roach and wife; that Mrs. Roach did not appear in person before the notary and acknowledge her deed to Grantham in the manner provided by law; that the transaction involving the deed from Roach and wife to Grantham was not intended by the parties thereto as a sale of said land and the loan company, "or its agents," had notice of such intentions; that at the time the loan company took the deed of trust on the land, the loan company, through its agents, knew that the land was the homestead of Roach and wife. In answer to issue No. 9, the jury found that Mrs. Roach personally appeared before the notary and signed and swore to the affidavit furnished to the loan company in which she swore that the conveyance from Roach and wife to Grantham was a real transaction and made in good faith; and in answer to issue No. 10 the jury found that J. N. McFarland, the loan company's district agent, believed and relied on the truth of the statements contained in said affidavit in making the loan. The court, however, refused the loan company's written request to submit to the jury issues as follows: (a) Whether or not F. M. Lyon was an agent of the company; (b) if so, whether or not he was acting within the scope of his real or apparent authority as such agent when he acquired notice, if any, that the sale from Roach and wife to Grantham was a fictitious one; (c) whether or not he communicated such information to plaintiff; and (d) whether or not he colluded and conspired with the defendants, or any of them, to defraud plaintiff by securing

the loan in question. The failure of the trial court to submit each of the foregoing issues is assigned as error.

■■ The conveyance from Roach and wife to Grantham appeared to be regular on its face. The affidavit signed by Roach and wife and Grantham to the effect that said conveyance was a real transaction made in good faith, when considered in connection with the deed of conveyance, was sufficient to authorize the loan company to believe that Roach and wife had in fact parted with all title to the property in question and to estop Roach and wife from asserting their homestead claim to the property unless the loan company was informed to the contrary. Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209; Carstens v. Landrum (Tex.Com.App.) 17 S. W.(2d) 803; Alexander v. Wilson, 124 Tex. 392, 77 S.W.(2d) 873; National Bond & Mortgage Corporation v. Davis (Tex. Com.App.) 60 S.W.(2d) 429; Guaranty Bond State Bank v. Kelley (Tex.Com. App.) 13 S.W.(2d) 69; Sanger v. Calloway (Tex.Com.App.) 61 S.W.(2d) 988, par. 7. McFarland and Lyon were the only parties purporting to represent the loan company who could have known anything about the fictitious nature of the transaction. There was no evidence that McFarland was informed thereof. It was material therefore to determine whether or not Lyon, who apparently had some knowledge thereof, was an agent of the loan company. For if not, the loan company would not be charged with notice of the information possessed by him.

■ It was also material to determine whether or not Lyon colluded with Roach and wife and Grantham in concealing from the loan company the fact that the sale from Roach and wife to Grantham was fictitious. For if Lyon, although in fact an agent of the loan company, knew that the transaction was fictitious and purposely concealed the same from the loan company so as to enable Roach and wife to secure the loan and thereby defraud the loan company, then the loan company would not be charged with notice of the information possessed by him. 2 C. J. 871; 2 Tex.Jur. 572; Standard Savings & Loan Ass'n v. Fitts, 120 Tex. 303, 39 S.W.(2d) 25; Zeigler v. Federal Land Bank (Tex.Civ.App.) 86 S.W.(2d) 864; Engell v. Union Central Ins. Co. (Tex.Civ. App.) 81 S.W.(2d) 738; Humphreys v.

Standard Savings & Loan Ass'n (Tex.Civ. App.) 80 S.W.(2d) 438; Cooper v. Ford, 29 Tex.Civ.App. 253, 69 S.W. 487, 489; Mays v. First State Bank (Tex.Com.App.) 247 S.W. 845; Pickett v. Dallas Trust & Savings Bank (Tex.Civ.App.) 13 S.W. (2d) 195; Id. (Tex.Com.App.) 24 S.W.(2d) 354, 358; Holmes v. Uvalde National Bank (Tex.Civ.App.) 222 S.W. 640; Goldstein v. Union National Bank, 109 Tex. 555, 213 S.W. 584; First Texas Joint Stock Land Bank v. Chapman (Tex.Civ.App.) 48 S.W. (2d) 651.

For the reasons above stated, it was error for the trial court to refuse to submit the issues so requested by the loan company.

■ Shortly after Roach and wife had conveyed the land to Grantham, they moved off of the farm and took a house in the city of Waco, but a part of their furniture remained in the house on the farm and Roach continued to cultivate a small portion of the farm. Sometimes he would spend the night on the farm. Some Mexicans and a man by the name of Sparks rented a portion of the land from Roach. The loan company secured a written statement from Sparks prior to the making of the loan in which Sparks stated that he was leasing the land from Grantham. The fact that Roach continued in possession of the property after the conveyance to Grantham was not in itself sufficient to charge the loan company with notice of Roach and wife's secret equities in the property. Little v. Shields (Tex. Com.App.) 63 S.W.(2d) 363, par. 2; Eylar v. Eylar, 60 Tex. 315; Dallas Trust & Savings Bank v. Pickett (Tex.Civ.App.) 59 S.W.(2d) 1090, par. 7.

The other errors complained of will not likely arise in the same manner upon another trial, and for that reason need not be discussed at this time.

■ L. R. Roach, in the deed of reconveyance from Grantham to him, assumed payment of the note in question. He has presented no defense to the plaintiff's suit for a personal judgment against him. Therefore, that part of the judgment must be affirmed. The defendant Grantham, who executed the note sued on, alleged that the same was without consideration "in that he did not receive any part of the funds and money represented by said note, which fact is to the plaintiff well known, and further says that he signed the note with knowledge on the part of the plaintiff that the execution was for the accommodation of the plaintiff." There was no finding by the jury, nor a request for a finding, as to whether Grantham executed the note merely as an accommodation to the loan company. Therefore, that defense was waived. There was no finding by the jury that there was no consideration for the execution of the note by Grantham. Grantham did request the court to submit to the jury an issue as to whether any part of the money paid by the loan company in the transaction was received by Grantham. In our opinion, that issue was properly refused because it embodied a mere evidentiary issue. If the loan company was caused to part with its money on the faith of the note signed by Grantham, there was consideration for the contract, even though Grantham received no part of the money so advanced by the loan company. 10 Tex. Jur. 122. There was therefore no error on the part of the trial court in rendering a personal judgment against Grantham for the debt evidenced by the note in question.

The judgment of the trial court denying plaintiff a foreclosure on the land must be reversed and remanded for a new trial. It appears that we have authority to affirm the personal judgment against Grantham and L. R. Roach for the debt sued for, together with the costs of the lower court, and at the same time remand the remainder of the cause of action for a new trial. Thurman v. First State Bank (Tex.Civ. App.) 300 S.W. 123; White v. Holland (Tex.Civ.App.) 229 S.W. 611.

Accordingly, the judgment of the trial court in favor of the plaintiff against the defendants Grantham and L. R. Roach for the debt sued for, together with costs of the lower court, is affirmed. The remainder of the judgment of the lower court will be reversed and the cause remanded for a new trial.