**H. M. COHEN LUMBER & BUILDING CO. et al. v. PANOS.**

No. 3860.

Court of Civil Appeals of Texas. Beaumont.

June 5, 1941.

Rehearing Denied Sept. 17, 1941.

Woodul, Arterbury & Folk, of Houston, for appellants.

Wood, Morrow, Gresham & McCorquo-dale and Sam W. Levy, all of Houston, for appellee.

WALKER, Chief Justice.

Appellant, H. M. Cohen Lumber & Building Company, with Maryland Casualty Company as its surety, on the consideration of $20,000 built for appellee, Steve Panos, in the city of Houston a brick veneer eight apartment building. The cost of the building, evidenced by promissory notes, was secured by a mechanics' and materialmen's lien on the building. Appellant assigned to H. Charney one of the notes in the amount of $2,000 and to N. G. Dobbins a second note in the amount of $15,000. This suit was by appellee against appellant and its surety for damages in failing to erect the building in substantial compliance with the building contract, and for other damages itemized in the petition; Charney and Dobbins were made parties defendant. Appellant answered by demurrers and general denial, and specially that it had constructed the building in substantial compliance with the contract, and by way of cross action prayed for damages for "extras" made to the building. Charney and Dobbins prayed for judgment on their notes, with foreclosure of their liens. On the verdict of the jury answering special issues, appellee was given judgment against appellant and its surety for the sum of $2,828, less the sum of $215.58, found in appellant's favor for "extras." Judgment was for the surety over against appellant, and for Charney and Dobbins for the relief prayed for by them. The appeal was prosecuted to the Galveston Court of Civil Appeals, and is on our docket by order of transfer by the Supreme Court.

■ We sustain appellant's contention that, as a matter of law on the undisputed evidence, its original motion for new trial was filed on June 6, 1940, and not June 1, 1940, and that the amended motion for new trial, filed with permission of the court on June 22, 1940, was duly filed. Article 2092, Sec. 29, R.C.S.1925, Vernon's Ann.Civ.St. art. 2092, § 29. The facts on this issue are as follows: Final judgment was rendered and entered on May 31, 1940. Prior to that date appellant, through a misunderstanding, filed its motion for a new trial. On June 6th, after the rendition and entry of the judgment, appellant's attorney appeared in court and with permission of the court refiled its motion as its original motion for

a new trial. The record is undisputed that the permission to refile the motion was a motion for new trial was given by the court on June 6th. The actual date of the filing and not the date written on the instrument controls. 16 Words & Phrases, Perm.Ed., 531; Holman v. Chevaillier's Adm'r, 14 Tex. 337; Knight v. Holloman, 6 Tex.153; Snider v. Methvin, 60 Tex. 487; Hammock v. May, 38 Tex. 196; Brooks v. Acker, Tex.Civ.App., 60 S.W. 800; Farris v. Gilder, 48 Tex.Civ.App., 492, 106 S.W. 896; Sun Lbr. Co. v. Huttig Sash & Door Co., Tex.Civ.App., 36 S.W.2d 561; Blackburn v. State, Tex.Civ.App., 72 S.W.2d 627; 25 C.J. 1127, Sec. 5, Note 53(c); Jones v. Collins, 70 Tex. 752, 8 S.W. 681.

■ Having held that the amended motion for new trial was not timely filed, the court overruled the original motion. Not having formally overruled the amended motion, it was duly overruled by operation of law. Christner v. Mayer, Tex.Civ.App., 123 S.W.2d 715; Pyle v. Yantis, Tex.Civ. App., 132 S.W.2d 917; R-K-O Distributing Corporation v. Matson, Tex.Civ.App., 83 S.W.2d 803; National Consolidated Bond Corporation v. Burks, Tex.Civ.App., 114 S.W.2d 280; Millers Mut. Fire Ins. Co. of Texas v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035.

■ We overrule appellant's contention that the jury was guilty of misconduct in considering the calculations of two of their members based on the blue prints and the other testimony introduced before them.

■ Error is not shown by appellant's second bill of exception: "Be it remembered that upon the 28th day of June, A. D. 1940, at a regular term of said Court, and on the date designated by said Court for a hearing on Defendant's Motion for New Trial in said cause, the Defendant presented to the Court its Amended Motion for a New Trial, and that in support of the allegations of misconduct of the jury, contained in said Amended Motion for a New Trial, the Defendant offered to introduce in evidence the testimony of one of the jurors in said case, to-wit, Mr. F. A. Rhode, of Harris County, Texas, concerning the allegations of misconduct of the jury in the Defendant's Amended Motion for a New Trial; that the Plaintiff objected to the introduction of any testimony concerning the allegations in said Amended Motion for a New Trial for the reason that said Amended Motion for New Trial was not properly before the Court; that the Court had no jurisdiction to entertain said Motion because it was filed more than twenty days after the date of the first Motion for a New Trial; that the Court sustained Plaintiff's objections and refused and failed to permit the Defendant to introduce any evidence on the allegations in said Amended Motion for a New Trial, to which action and ruling of the Court the defendant in open court excepted and now tenders this its Bill of Exception No. 2 and asks that same be approved and ordered filed as a part of the record in this cause." This bill of exception does not show the nature of the excluded testimony.

■ Appellee pleaded in specific detail wherein appellant had failed to comply with the provisions of the building contract —the studding in the building was not constructed so as to insure straight walls; some of the walls of the building were not straight; appellant substituted gypsum laths for Gold Bond laths; the plastering was not done in a workmanlike manner; the doors of the dinettes did not comply with the plans and specifications; certain floor joists were not spaced in accordance with plans and specifications; some of the lumber used in the building was inferior, it was necessary to replace felt in the copper roof of the building; appellant damaged sidewalks on the property; certain quantities of the brick used in the building was not in compliance with the contract. These specific items were sent to the jury, and the answers returned thereon constituted the controlling portions of its verdict. We give appellant's proposition against the submission of these specific issues: "Since the ultimate issue of fact was whether or not the defendant had complied, or substantially so, with the building plans and specifications, it is error for the court to omit the submission of such ultimate issue of fact, and to submit instead purely evidentiary matters in such a way as to constitute charges upon the weight of the evidence." The court did not err in submitting the specific items against appellant's contention that the general issue should have been submitted. Jordan, etc., v. Morgan, Tex.Civ.App., 154 S.W. 599. See, also, Atkinson v. Jackson Bros., Tex.Com. App., 270 S.W. 848, 38 A.L.R. 1377; 7 Tex. Jur. p. 632; Hewitt v. Buchanan, Tex.Civ. App., 4 S.W.2d 169; Totten v. Houghton, Tex.Civ.App., 2 S.W.2d 530.

On the issues of whether the studding was "set in a true line," etc., whether "the

floors were defective," etc., and whether lumber used in the building was "inferior to that called for by the plans and specifications," appellant assigns that appellee's testimony "was wholly indefinite," but he says on these issues, "the evidence was sharply conflicting." We overrule these propositions. While the evidence was "conflicting," appellee's testimony was sufficient to support the verdict of the jury.

■■ We overrule the proposition that the following issues were so worded as to constitute "general charges within themselves":

(1) "Do you find from a preponderance of the evidence that any of the studding in the walls of the building in question were not set in a true line and properly braced to insure straight walls?"

(2) "If you have answered special issue No. 1, 'We do', then what sum of money, if any, do you find from a preponderance of the evidence will be necessary to defray the reasonable and necessary expense of correcting such condition of the studding." The court might have as well charged the jury generally as follows:

" 'If you find any of the studding, or any of the floors, or any of the lumber used, were defective, what sum of money do you find will be necessary to remedy the condition.' "

Appellee pleaded that appellant damaged his sidewalk, and the evidence supported the submission of that issue to the jury.

Appellant assigns that the following section of the contract relieved it of damages of the nature sued for by appellee: "22. Defective Work: If in the opinion of the contractor, it is not expedient to correct defective work or work not done in accordance with the contract, the owner may deduct the difference in the value between that involved and that called for by the owner, which sum shall be determined by arbitration."

■ A provision in the contract that the entire subject matter of a dispute thereunder shall be submitted to arbitration cannot be interposed as a defense to an action on the contract. Dozier v. City of Gatesville, Tex.Civ.App., 4 S.W.2d 131. Answering appellant's other contentions under Section 22 of the contract, we quote as follows from appellee's brief: "A casual examination of section 22 of the contract, relied upon by appellant under his Fourteenth Proposition, reveals that under the facts of

his case appellant's Fourteenth Proposition would result in denying appellee any recovery. We refer to the fact that Mr. Dobbins, the holder of the first lien, was paying out the money to the contractor as the work progressed. The mechanic's lien contract provided: 'It is understood that no money is to be paid to contractor by the mortgagee or owner unless authorized by the architect, and countersigned by owner.' The undisputed testimony shows that appellee, Steve Panos, was complaining about the construction and instructed Dobbins not to pay any further sums to the contractor, but that they said Dobbins, irrespective of these instructions, did pay all of the money to the contractor. The contractor, through Cohen, had persuaded Dobbins to pay the balance due under the contract, therefore, it was impossible for Panos to make any deduction from the contract price. Also, as a complete answer to appellant's argument on said section 22, we submit that no such position was taken by appellant in the lower court in his pleading or his proof. There is not one bit of testimony as to 'the opinion of the contractor' that 'it is not expedient to correct defective work or work not done in accordance with the contract.' We submit that the provision is not subject to the interpretation offered by appellant because the owner, through Dobbins, had paid all of the contract price, although under protest, and the contractor had never elected to exercise the option granted to him under the provision of said Section 22. Clearly, this position is for the benefit of the contractor and he can't now be permitted to take advantage of it."

The jury assessed appellee $1,750 as damages for the action of appellant in substituting "gypsum bond laths" for "Gold Bond laths." The trial court in entering judgment denied appellee a recovery for this item. In submitting this item to the jury, the court announced to appellee that if the issue was answered in his favor he would set it aside in entering the judgment. The court made this statement, which he effectuated in entering the judgment, on the testimony that there was no difference between "gypsum laths" and "Gold Bond laths."

Appellee also complains that the court erred in entering judgment refusing to allow him recovery for a sum of $365 as the difference between the amount paid by appellant for the brick actually used and "the amount such brick would have cost at the

price of $20.00 per thousand." This ruling of the court was not error. After the contract was executed, it was amended as to the brick item to read as follows: "It is understood that all of the brick for exterior walls are to be of the same quality and color as the brick on the A. G. Holm residence located at 2700 University Boulevard, Houston, Texas. The color to be approved by the owner, and the architect." The court also announced to appellee, in submitting this item, that if it was answered in his favor, he would set it aside in entering his judgment.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.