JOHN SIKORA *vs.* MARY E. HOGAN.

Norfolk.     May 10, 1943. — November 30, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Contract,* Building contract, Performance and breach, In writing. *Evidence,* Extrinsic affecting writing. *Practice, Civil,* Waiver. *Waiver. Arbitration. Architect.*

A modification of a contract, in part for the construction of a porch, by substituting a "new brick porch floor" for a wooden floor originally specified, might be found to be ambiguous, and evidence was competent to show that the parties intended a porch floor constructed of second hand brick, not new brick.

A provision of a building contract requiring arbitration of all disputes and claims might be found to have been waived by the owner by proceeding to trial of an action by the builder for a disputed balance without insisting upon observance of such provision.

Evidence, that an architect in charge of alterations of a house knew that the owner had requested the builder to construct a floor of second hand brick and that the builder had figured on that kind of brick and had used it in constructing the floor, warranted a finding that a subsequent refusal of the architect to issue a certificate for payment to the builder on the ground that he should have used new brick was arbitrary and in bad faith.

If an architect in charge of the work performed under a building contract acted arbitrarily and in bad faith in refusing to issue a certificate for a payment to the builder in accordance with a provision of the contract requiring such certificate to entitle the builder to the payment, the lack of the certificate did not preclude the builder from maintaining an action against the owner for the payment.

CONTRACT. Writ in the District Court of Northern Norfolk dated June 26, 1941.

There was a finding for the plaintiff by *Murray*, J. A report was ordered dismissed by the Appellate Division for the Southern District, and the defendant appealed. In this court the case was submitted on briefs.

*H. J. Dixon*, for the defendant.

*D. S. Kunian*, for the plaintiff.

DOLAN, J. This is an action of contract on an account annexed in which the plaintiff seeks to recover $374.45, alleged to be due for labor and material supplied by him in connection with alterations of a dwelling house owned by the defendant. The sole contentions of the defendant are that the floor of the porch installed by the plaintiff as an extra should have been constructed of new brick, that since no final certificate had been issued by the architect as provided in the original contract between the parties the plaintiff could not prevail, and that the action was prematurely brought because under the terms of the original contract the plaintiff must first invoke arbitration.

The original contract for alterations of the defendant's building, which was in writing, was entered into between the parties on April 29, 1940. Among other specifications the contract called for the construction of a porch with a wooden floor and walls "to be built of second hand water struck brick." The contract provided that "The General Conditions of the Contract of the American Institute of Architects is hereby made a part of this specification." The con-

tract of the institute provided, in part, that the owner of the building, without invalidating the contract with the builder, might order extra work or changes or alterations in the work, all such work to be executed under the conditions of the original contract; and also provided for the method of determining the value of such extras or changes, for periodic certificates for payment to be issued by the architect to the contractor as the work progressed, and for final certificate of satisfactory completion and acceptance of the work by the architect in order to entitle the contractor to final payment of any remaining balance. The contract of the institute further required arbitration of all disputes and claims with the award of arbitrators to be enforced in a court of law, but also provided ("Art. 31") that if "either party to this Contract should suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he shall be reimbursed by the other party for such damage"; that claims arising "under this clause shall be made in writing to the party liable within a reasonable time at the first observance of such damage and not later than the time of final payment"; and ("Art. 39") that "The Architect shall, within a reasonable time, make decisions on all claims of the Owner or Contractor."

There was also evidence of, and the judge found, the following facts: On .or about June 18, 1940, the parties discussed the substitution of a porch floor of brick for the floor of wood called for by the original specifications. The defendant asked the plaintiff what it would cost to construct the floor of the same kind of bricks that were called for by the specifications and used in the construction of the walls of the side of the house, that is, of "second hand water struck brick." The plaintiff submitted to the architect a list of extras totalling $892.60, including an estimate for "Porch floor of brick $53.60." A copy of the original specifications with certain changes noted thereon in pencil and ink was introduced in evidence. "Included in the same was a reference to a new brick porch floor to be furnished and installed." In this connection the judge found that the words "new brick floor" were ambiguous and that "the parties intended

that a new porch floor should be installed . . . instead of the wooden one and . . . was to be of the same kind and degree of brick as was used on the walls of the house, namely, 'second hand water struck brick.'"

The premises were completed and possession of the same was taken by the defendant subsequent to June, 1941. The floor had been installed of second hand water struck brick in the summer of 1940. From that time until June, 1941, no claim was asserted by the defendant that the porch floor should have been of new brick. On June 9, 1941, the defendant promised in writing to make a further payment to the plaintiff on the balance due for work done, but no payments were ever made thereafter. The judge further found that the part of the contract that pertained to the porch floor was an extra and not included in and subject to the original agreement and conditions between the parties or to the contract of the institute; that the consent of the architect was not required before bringing the present action; that the architect, who had from time to time certified certain payments on the contract, arbitrarily and without justification refused to certify any further payments for extras to the plaintiff on the ground that the plaintiff was required to lay new brick on the porch floor in question; and that the architect's refusal "was unreasonable, in bad faith and arbitrary, thus dispensing with the necessity of a certification by him."

The judge found for the plaintiff in the sum of $374.45, with interest, having denied the defendant's requests for rulings in view of findings made in an accompanying memorandum. The findings contained in the memorandum are those we have set forth above. The requested rulings were as follows: "1. The plaintiff is bound by the provisions of the document captioned 'The general conditions of the contract for the construction of buildings.' 2. There is no ambiguity in relation to the kind of brick that should be employed in constructing the floor of the porch. 3. Under the provisions of the contract of the parties, the porch floor must be of new brick. 4. The plaintiff is not entitled to a final payment on his work until the architect executes a certificate stating that the work has been completed and is

accepted by him unless it is found that the architect unreasonably withholds said certificate. 5. There is no evidence that the architect unreasonably withheld issuing a final certificate."

In the matter of the defendant's first requested ruling we are of opinion that in view of the findings of the judge it was immaterial, because, even if we assume in favor of the defendant that it ought to have been granted and that this extra was subject to the conditions of the original contract, the findings of the judge show that the plaintiff was entitled to recover, since the plaintiff was excused from complying with the conditions of the contract as to certificates for payment because the architect in bad faith and arbitrarily refused to give him a certificate for further payments for extras. (See *Hebert* v. *Dewey*, 191 Mass. 403, 410–413; *Evans* v. *County of Middlesex*, 209 Mass. 474, 479–480.) There was ample evidence to support this finding in that the architect had himself asked the plaintiff for an estimate for "a brick floor, the same as the wall." The architect, therefore, knew all the time that the defendant had asked for a floor of second-hand water struck brick, and that the plaintiff had figured on that kind of floor and had constructed it. There was no error in denying the defendant's first requested ruling.

There was no error in the denial of the defendant's second and third requests for rulings in the light of the judge's finding that the parties in fact agreed that second-hand water struck brick should be used in the installation of the porch floor. The judge was not required to give them since upon the evidence they were not required as matter of law. *Perry* v. *Hanover*, 314 Mass. 167, 169–170. The question whether the contract with respect to the substitution of a new brick floor for the wooden floor called for by the original specifications was ambiguous depends upon evidence, and the extrinsic evidence adduced upon this subject matter was competent for the purpose of removing any uncertainty or ambiguity as to the subject matter. *Atwood* v. *Boston*, 310 Mass. 70, 75. It cannot be said rightly that as matter of law the evidence required a finding that the agreement in question was not ambiguous in this respect.

With respect to the provisions in the contract for arbitration, so far as appears from the record the defendant went on with the trial in the court below without insisting upon the arbitration condition and, therefore, must be taken to have waived the point. She has addressed no specific argument to us as to this subject matter. See *Boston* v. *Dolan*, 298 Mass. 346, 355–356, and cases cited.

The judge might properly have granted the defendant's fourth request for a ruling, but the defendant was not harmed by its denial since the judge based his denial of this request on the fact that the refusal of the architect to issue the certificate for any further payments to the plaintiff was unreasonable, in bad faith and arbitrary. It cannot be said properly that upon any reasonable view of the evidence a contrary finding was required as matter of law. Upon these findings it is settled that the plaintiff was relieved of the necessity of procuring the certificate in order to be entitled to payment. *Hebert* v. *Dewey*, 191 Mass. 403, 410, 413. See also *Evans* v. *County of Middlesex*, 209 Mass. 474, 479. It follows from what has been said that there was no error in the denial of the defendant's fifth requested ruling.

> *Order of Appellate Division dismissing report affirmed.*