ED. STEVES & SONS, Inc. et al. v.
LIPPMAN et ux.

No. 12448.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 12, 1952.

Rehearing Denied Dec. 31, 1952.

Park Street, Joe Street, W. W. Fowlkes and Bobbitt, Brite & Bobbitt, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Morris P. Lippman and wife, Fannie Lippman, as plaintiffs, against Ed. Steves & Sons, Inc., J. W. Wyse, Maryland Casualty Company,

and Park Street, Esq., substitute trustee, as defendants, to determine the liability of plaintiffs and the amount of their indebtedness under a certain note, building contract and builder's and mechanic's lien contract; to restrain defendants Ed. Steves & Sons, Inc. (hereinafter referred to as "Steves") and Park Street, as substitute trustee under a deed of trust, from foreclosure proceedings; and for damages allegedly sustained by plaintiffs as a result of delay on the part of defendant Wyse in the construction of a home for plaintiffs.

The trial was to a jury on special issues and judgment was rendered in favor of Steves in the sum of $12,071.12, conditioned upon Steves' transferring to plaintiffs the note, mechanic's lien and deed of trust held by it, denying to Steves recovery of interest and attorney's fees under the terms of the note, restraining Steves and Trustee Park Street from foreclosure proceedings, and offsetting against Steves the sum of $1050, with interest, being the amount recovered by plaintiffs against Wyse. The court further rendered judgment discharging Maryland Casualty Company, surety on the performance bond of Wyse, from all liability, and granting judgment in the sum of $219.34, the amount of the premium paid to the surety, in favor of plaintiffs against the insurance company. From that judgment Steves, Park Street, J. W. Wyse and Maryland Casualty Company have prosecuted this appeal, complaining of that part of the judgment which is adverse to them.

Appellants Steves, J. W. Wyse and Maryland Casualty Company have each filed separate briefs and we will consider the matters presented in the order above named.

Steves' first point presents the contention that the court erred in submitting to the jury, by Issue No. 5, the question as to whether Steves paid a valuable consideration for the note, mechanic's lien and deed of trust, based upon the contention that the payment of a consideration is conclusively presumed under the undisputed facts.

A full statement of this case is here desirable.

Appellees, Morris P. Lippman and wife, Fannie Lippman, decided to build a new home. They secured an architect, had plans and specifications drawn up, called for bids and let the building contract to J. W. Wyse. The building contract, while dated October 13, 1949 was actually signed October 19, 1949. Appellees had a commitment for a loan on their home in the sum of $12,500 from Southwestern Life Insurance Company. Article 4 of the contract provided for progress payments on or before the 1st and 15th of each month in the amount of 85% of the cost of labor and material at the site upon presentation of contractor's voucher approved by the architect.

Thereafter, appellees signed a note in the sum of $21,394, a builder's and mechanic's lien contract, and a deed of trust, all dated October 26, 1949. These instruments were prepared by I. L. Dodic, an attorney for the Alamo Title Company, and signed by appellees on October 27, 1949. The note, deed of trust, and builder's and mechanic's lien contract, were transferred and assigned to Steves by written transfer signed by Wyse on October 31, 1949. This transfer was recorded. Appellees had no actual knowledge of the transfer and assignment to Steves. The transfer was made to Steves by Wyse for a credit on Steves' books in the amount of the principal of the note. The note was payable on or before six months after date, with interest at the rate of 10% per annum after maturity. The object of the execution of the note, the builder's and mechanic's lien contract and the deed of trust, was to create a valid lien upon the home of appellees so that they might complete their loan with the Southwestern Life Insurance Company for the sum of $12,500, for which they held a commitment.

Thus it would seem that the execution of the note, lien contract and deed of trust was a variation of Art. 4 of the original contract as to the method of paying for the construction of the house. Thereafter semi-monthly estimates were not presented by the contractor nor paid by the appellees, with the exception that two such estimates

were presented by Wyse and paid by appellees, one in January and the other in May, 1950. The amount of their payments was remitted by Wyse to Steves and credit given to appellees by Steves both on its books and on the note.

The note was not fully paid within the six months and Steves are here suing for the balance due upon the note including interest and attorney's fees. Steves was denied judgment for attorney's fees and interest, upon the theory that it was not a holder in due course for a valuable consideration.

■ The trial court submitted to the jury by special issue No. 5, whether Steves paid a valuable consideration in good faith for the note. This was error. This note was regular on its face, in the usual form of a negotiable promissory note and the undisputed evidence shows that Steves gave Wyse a credit upon its books for the full face value of the note, against which Wyse could draw for the purpose of carrying out his contract with appellees, or any other purpose. Union Central Life Ins. Co. v. Roach, Tex.Civ.App., 106 S.W.2d 374; Veigel v. Johnson, 163 Minn. 288, 204 N. W. 36; American Brass & Copper Co. v. Pine, 185 App.Div. 473, 173 N.Y.S. 147.

There is nothing in the evidence to overcome the presumption of law that a valuable consideration was paid for the note by Steves. Art. 5933, § 24, Vernon's Ann. Civ.Stats.; Shaw v. McShane, Tex.Com. App., 50 S.W.2d 278.

■ Steves knew of the building contract between appellees and Wyse and knew that it was executory in character, but this fact does not preclude Steves from being a holder in due course for value, nor does it render the note non-negotiable. There is nothing on the face of the note or in the contract to indicate that its validity depended upon the contract being completed, nor was the note "burdened with" or "subject to" the contract. Continental National Bank v. Conner, 147 Tex. 218, 214 S.W.2d 928.

After judgment was rendered herein Steves and appellees entered into a stipulation, dated September 21, 1951, the effect of which was to settle all matters between them, involved herein, except the matters of attorney's fees, interest on the note from maturity until September 21, 1951, and the propriety of allowing an offset against Steves for the amount recovered by appellees from Wyse for unnecessary delay in completing the home.

Appellees contend that no attorney's fees should be allowed because the jury found in answer to Special Issue No. 14, that Attorney Park Street requested Steves to turn over to him the Lippman note. They contend that such conduct is a violation of Article 430 of the Penal Code and rendered the contract illegal. We overrule this contention. The jury further found, in answer to Special Issue No. 14-a, in effect, that Steves had talked to Park Street about the collection of the note before he requested that the note be turned over to him for collection. The record further shows that Park Street was attorney for Steves. Under such facts no violation of Art. 430, supra, is shown and the contract for attorney's fees was not illegal.

It therefore appears that the trial court erred in allowing an offset against Steves in the sum of $1,050, and also in not allowing Steves to recover interest on the balance due upon the note from its due date until September 21, 1951, and attorney's fees in the amount of 10% of the amount due on the note at the time it was placed in the hands of an attorney for collection, together with interest at the rate of 6% thereafter on such attorney's fees until paid.

■ Appellant Wyse contends that the suit against him was prematurely brought, in that the building contract contained a provision for compulsory arbitration and required that old disputes under the contract should be submitted to arbitration before any action could be brought in any court. Appellees waived their right to arbitration by instituting this suit without in any way insisting upon their right of arbitration. Wyse waived his right to arbitration by answering in the suit without in any way asserting his right to arbi-

tration. He did not file a plea in abatement nor did he raise the issue by exception. The trial had been underway for eight days before any mention of arbitration was made. Wyse raised the issue of arbitration for the first time in his motion for a new trial. Under such circumstances he has waived his right to arbitration as a matter of law. 117 A.L.R. 308; 161 A.L.R. 1426; Independent School Dist. No. 35 v. A. Hedenberg & Co., 214 Minn. 82, 7 N.W.2d 511; Sikora v. Hogan, 315 Mass. 66, 51 N. E.2d 970; Finlayson v. Waller, 64 Idaho 618, 134 P.2d 1069; H. M. Cohen Lumber & Building Co. v. Panos, Tex.Civ.App., 154 S.W.2d 206.

■ Appellant Wyse next contends that judgment against him in the sum of $1,050 should not have been rendered because the delay in completing the home was not caused by him but by appellees. The jury, upon sufficient evidence, has found against Wyse on this contention and we overrule the point.

■ Appellant Maryland Casualty Company contends that judgment should not have been rendered against it in favor of appellees in the sum of $219.34, the amount of the premium paid to it by Wyse for its suretyship on his performance bond. We sustain this contention. This premium was not paid by appellees and they were not entitled to recover it simply because the surety was discharged by reason of the fact that appellees and Wyse materially changed the contract, the performance of which Maryland Casualty had guaranteed by the signing of the performance bond.

Accordingly, the judgment of the trial court will be reversed wherein it decrees that appellees shall have the right to offset against Steves in the sum of $1,050, and wherein it decrees to appellees the right of recovery against Maryland Casualty Company in the sum of $219.34. The judgment will be amended so as to decree a recovery in favor of Steves against appellees for the sum of $1,174.40 as attorney's fees,

together with interest thereon at the rate of 6% per annum from November 15, 1951, until paid and that part of the judgment of the trial court which has not been reversed, together with the amendment thereto, is affirmed.

Reversed in part, amended and affirmed in part.

### On Motions for Rehearing.

We have considered appellees' motion for a rehearing and same is overruled. We have also considered the motion for rehearing of appellant Ed. Steves & Sons, Inc., and have concluded that we erred in not providing for interest upon the balance due on the note from April 26, 1950, to September 21, 1951, at the rate of 10% per annum, amounting to $1,647.41. We are also of the opinion that from this amount should be deducted the sum of $327.12, which was the amount paid by appellees over and above the amount of principal due on the note, leaving a balance in the sum of $1,320.29, which sum should bear interest at the rate of 6% per annum from November 15, 1951, until paid.

Accordingly, our judgment heretofore rendered on November 12, 1952, will be set aside and judgment now rendered as follows: The judgment of the trial court will be reversed, wherein it decrees that appellees shall have the right to offset against Steves in the sum of $1,050, and wherein it decrees to appellees the right of recovery against Maryland Casualty Company in the sum of $219.34. The judgment will be amended so as to decree a recovery in favor of Steves against appellees for the sum of $1,174.40 as attorney's fees, and the sum of $1,320.29 as interest, making a total recovery of $2,494.69, together with interest at the rate of 6% per annum from November 15, 1951, until paid, and that part of the judgment of the trial court which has not been reversed, together with the amendment herein provided for, is affirmed.