Henry E. **BILLINGSLEY**, Appellant,

v.

Richard L. **MACKAY**, Appellee.

No. 22996.

United States Court of Appeals
Fifth Circuit.

July 5, 1967.

Rehearing Denied Aug. 4, 1967.

Sol Goodell, Dallas, Tex., for appellant, Thompson, Knight, Simmons & Bullion, Dallas, Tex., of counsel.

Philip I. Palmer, Jr., Dallas, Tex., for appellee, Palmer, Green, Palmer & Gilmore, Dallas, Tex., of counsel.

Before JONES and COLEMAN, Circuit Judges, and HEEBE, District Judge.

PER CURIAM.

■ The appellant, Henry E. Billingsley, sued the appellee, Richard L. Mackay, upon a promissory note for $15,000 given by Mackay to B. D. Fitzgerald from whom Billingsley purchased the note for $12,000. Federal jurisdiction is based upon diversity of citizenship. On a trial without a jury the district court rendered judgment for Mackay. The judgment is affirmed. Fitzgerald procured the note from Mackay through fraud. At the time Mackay

gave the note to Fitzgerald he placed upon the back of it a notation which he asserted, as one of his defenses, put Billingsley under a duty to make inquiry and inquiry would have disclosed that the giving of the note was a conditional delivery. Mackay also contended, and the district court found that Billingsley had actual notice from Mackay that "the validity of the note depended upon defendant's receiving" an assignment. This finding, in the light of the pleadings and the testimony, we regard as a finding that Billingsley had been informed that the delivery of the note was conditional. The evidence sustains the finding. Since the court found that there was actual notice, no necessity exists for considering the effect of the notation on the back of the note. Billingsley moved for a new trial for the purpose of bringing in another witness. The motion was denied. No error was committed by the denial of the motion.

The judgment of the district court is affirmed.

HEEBE, District Judge (dissenting):

I must respectfully dissent.

The maker of the note, defendant-appellee, never received the agreed-upon consideration for the note, and thus raised the defense of failure of consideration against plaintiff-appellant's claim as holder of the note. This defense is valid only if plaintiff is not a holder in due course under §§ 52 and 56–58 of the Negotiable Instruments Law, contained in Art. 5935, Tex.Rev.Civ.Stat. There was disputed testimony in the court below to the effect, and the court found, that when the plaintiff was considering purchasing the note, he was informed by the defendant-maker of certain limitations on the validity of the note arising from the accompanying transaction. It is my understanding of the law that even if the communications between plaintiff and defendant did take place, those communications were insufficient to prevent plaintiff from becoming a holder in due course.

First, it is clear that the note was negotiable—the notation on the back of the note was merely a statement of the transaction giving rise to the instrument, and under § 3 of the N.I.L. and Art. 5932, that statement does not make the promise to pay conditional. The N.I.L. makes incorrect the conclusion of the trial court that the notation "was sufficient to put plaintiff on notice that something was wrong with the instrument itself." Second, the plaintiff was entitled to rely on the unconditional nature of the promise to pay and to disregard any oral statements there may have been to the effect that the promise to pay was conditional—the terms and provisions of the written instrument cannot be varied by parole evidence. Third, at the time plaintiff purchased the note, he had no notice that the consideration had failed: since defendant's own testimony was that the consideration for the note was not yet due from the payee of the note at the time of the alleged communication between plaintiff and defendant, then, at most, plaintiff had knowledge that the executory agreement of the payee had not been performed at the time he purchased the note. The law of Texas as to the effect of such knowledge is well stated in 9 Tex.Jur.2d., Bills and Notes, § 100, p. 115:

"Knowledge that a note was given in consideration of an executory agreement of the payee that has not yet been performed will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement,"

repeating, virtually unchanged, the statement in 6 Tex.Jur., Bills and Notes, § 95, p. 712. It was held in Ed. Steves & Sons v. Lippman, 254 S.W.2d 184, 186 (Tex. Civ.App.1952), that knowledge that the contract was executory did not preclude the holder from being a holder in due course where nothing in the note indicated its validity depended on the completion of, or was subject to, the contract, citing Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928 (1948) which explained that

under § 56 of the N.I.L. and Art. 5935 the test is not constructive notice, but "dishonest disregard." There may be some limitation on this rule where prior to the date set for completion of the executory agreement, the proposed purchaser of the note has knowledge that there *will be* a breach, see Commonwealth Bank & Trust Co. of San Antonio v. Limburger, 199 S.W. 816 (Tex.Civ.App. 1918), but that situation was not found to be present here.

I am thus forced to state my view that the court below applied erroneous legal standards in concluding that plaintiff was not a holder in due course; accordingly, the defense of failure of consideration cannot be raised against him. It appears that defendant-appellee realized this, because in this Court he raised for the first time the contention that the plaintiff knew when he purchased the note not only that *payment*, but also that *delivery* of the note by defendant to Fitzgerald was conditioned on the delivery of the agreed-upon consideration; thus, since evidence of a conditional delivery is not parole evidence and is admissible, plaintiff's knowledge of the conditional delivery prevented him from becoming a holder in due course and the defense of failure of consideration was properly raised against him, as was the defense of conditional delivery. This contention would be legally sound except that the pleadings, the evidence and the decision below were not at all concerned with conditional delivery. The majority opinion here regards the finding of the court below as one that plaintiff had been informed that the delivery of the note was conditional, but I can find no basis for the action of the majority in the record. Conditional delivery is described in § 16 of the N.I.L. and Art. 5932 as "not for the purpose of transferring the property in the instrument." Nothing in the record before us, not the pleadings, nor the evidence, nor the finding of the court below, suggest that delivery was conditional, and so I must respectfully state my view that there is no support for this Court's finding of conditional delivery.

Although the result reached in the court below and in this Court may be equitable, the N.I.L. prevents us from applying our own standards as to which party was less prudent in his dealings with a swindler—the N.I.L. resolves the issue against a party who places a negotiable instrument in the stream of commerce, not against a party who purchases the instrument in reliance upon an unconditional promise contained therein without knowledge of any defenses. Since no valid defenses of which the plaintiff could have had knowledge were alleged or proved or found by the court below, the knowledge plaintiff was found to have should not preclude him from being a holder in due course. Accordingly, I believe that application of proper legal principles to the findings of fact of the court below would demand a reversal of the judgment.

Rehearing denied; HEEBE, District Judge, dissenting.